# Erwin Yeancey by Hosea Yeancey, Appellee, v. Taylor Coal Company, Appellant.

1. MINES AND MINERALS, § 176*—*when evidence sufficient to sustain finding that master negligently permitted accumulation of refuse.* In an action by a miner to recover for personal injuries sustained by being caught between a car and a door in the mine, where it was alleged that defendant negligently permitted a quantity of coal, gob and refuse to accumulate so as to prevent the door being opened sufficiently to enable cars to pass through it without injuring plaintiff, evidence examined and *held* sufficient to prove the negligence alleged.

2. WORKMEN'S COMPENSATION ACT, § 2*—*when employer and employee within act.* The failure of employer and employees to reject the provisions of the Workmen's Compensation Act (J. & A. ¶ 5449 *et seq.*) in the manner therein provided is of itself an adoption of the act, and causes both to come under the act automatically.

3. WORKMEN'S COMPENSATION ACT, § 5*—*when act controls remedy to obtain compensation.* Where neither employee or employer has rejected the Workmen's Compensation Act (J. & A. ¶ 5449 *et seq.*) in the manner provided therein, the employee cannot maintain an action at law against the employer for personal injuries, and must proceed in the manner provided by the act in order to obtain compensation for his injuries.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Yeancey v. Taylor Coal Co., 199 Ill. App. 14.

4. WORKMEN'S COMPENSATION ACT, § 12*—*when declaration in action by servant for damages for personal injuries fatally defective.* A declaration in an action at law by an employee to recover for personal injuries sustained by reason of the alleged negligence of the employer, which does not allege the rejection by either plaintiff or defendant of the provisions of the Workmen's Compensation Act (J. & A. ¶ 5449 *et seq.*), cannot be cured by verdict, since such a declaration does not defectively state a good cause of action but states no cause of action.

5. PLEADING, § 466*—*when verdict will not aid declaration.* A verdict will aid the defective statement of a good cause of action, but will not cure the statement of a defective cause of action.

6. PLEADING, § 50*—*when declaration states no cause of action.* A declaration which fails to allege a fact, without whose existence plaintiff is entitled to recover, does not state a cause of action.

7. PLEADING, § 466*—*when defective declaration not cured by verdict.* A declaration which omits to allege any substantial fact essential to a right of action, and which is not implied in or inferable from the finding of those which are alleged, is not cured by verdict.

8. WORKMEN'S COMPENSATION ACT, § 12*—*when declaration must allege that employer not operating under Workmen's Compensation Act.* Since the passage of the Workmen's Compensation Act (J. & A. ¶ 5449 *et seq.*), the fact that the employer is not operating under the act is a fact essential to be alleged in the declaration to enable an employee to maintain an action at law for personal injuries due to the employer's negligence.

9. WORKMEN'S COMPENSATION ACT, § 12*—*when motion in arrest of judgment improperly denied.* In an action at common law by an employee to recover for personal injuries sustained by reason of the alleged negligence of the employer, it is error to deny motion in arrest of judgment where the declaration does not allege that defendant was not operating under the provisions of the Workmen's Compensation Act (J. & A. ¶ 5449 *et seq.*).

Appeal from the Circuit Court of Williamson county; the Hon. BENJAMIN W. POPE, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded. Opinion filed April 17, 1916.

DENISON & SPILLER, for appellant.

NEELY, GALLIMORE, COOK & POTTER, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Erwin Yeancey, appellee, while working in appellant's coal mine on October 16, 1913, received injuries on account of which he afterwards brought suit against appellant to recover damages. He was not of legal age and his suit was brought by Hosea Yeancey, his next friend. The declaration contained three counts in which it was charged that appellee was required to open and close a certain trap door between the third and fourth south entries off the main east entry in said mine; that appellant furnished him a dangerous place to work, in that it permitted a large quantity of coal, gob and refuse to accumulate in said third south entry and in the crosscut between said third and fourth entries, where said door was located, so that the door would not open sufficiently to permit cars to pass through without injuring him; that appellee was caught between the door and a moving car and injured; that appellant, by its servants, released a coal car at a point about forty feet north of said trap door and permitted it to run down a steep grade, and that appellant, while attempting to manipulate said door, was caught between the same and said coal car and crushed. Each count of the declaration quoted at length section 1 of the Compensation Act [Cal. Ill. St. Supp. 1916, ¶ 5475 (a)]: "That any employer in this state may elect to provide and pay compensation for accidental injuries sustained by any employee, arising out of and in the course of the employment, according to the provisions of this act, and thereby relieve himself from any liability for the recovery of damages except as hereinafter provided." Each count also quoted at length section (a) of subsection 1 of said law [Cal. Ill. St. Supp. 1916, ¶ 5475 (1), par. (a)], providing the manner in which the election might be made by the employer, to provide and pay compensation under

the act, also subsection (b) of section 1 [Cal. Ill. St. Supp. 1916, ¶ 5475 (1)] and subsection (a) of section 3 [Cal. Ill. St. Supp. 1916, ¶ 5475 (3), subsec. (a)], providing that in an action to recover damages against an employer who has elected not to provide and pay compensation according to the provisions of the act, it shall not be a defense that the employee assumed the risk or that the injury was caused by the negligence of the fellow-servant or by the contributory negligence of the employee.

There was a plea of the general issue, a trial by jury, and a verdict in favor of appellee for two hundred dollars. Motions for a new trial and in arrest of judgment were overruled and judgment entered against appellant for the amount of the verdict. An examination of the record shows that the evidence tended to prove the negligence charged in the declaration, and we have failed to discover any reversible error committed by the court in its instructions to the jury. We are of opinion, however, that the court erred in failing to sustain the motion made by appellant in arrest of judgment for the reason that the declaration failed to state a good cause of action. Paragraph a of section 1 [Cal. Ill. St. Supp. 1916, ¶ 5475 (1), par. (a)] of the Compensation Act above referred to, provides that: "Election by an employer to provide and pay compensation according to the provisions of this act, shall be made by the employer filing notice of such election with the industrial board." And section 2 [Cal. Ill. St. Supp. 1916, ¶ 5475 (2)] of said Act provides: "Every employer enumerated in section 3, paragraph (b), shall be conclusively presumed to have filed notice of his election as provided in section 1, paragraph (a), and to have elected to provide and pay compensation according to the provisions of this act, unless and until notice in writing of his election to the contrary is filed with the industrial board and unless and until the employer shall either furnish to his em-

ployee personally or post at a conspicuous place in the plant, shop, office, room or place where such employee is to be employed, a copy of said notice of election not to provide and pay compensation according to the provisions of this act; which notice of non-election, if filed and posted as herein provided, shall be effective until withdrawn.'' Paragraph (c) of section 1 [Cal. Ill. St. Supp. 1916, ¶ 5475 (1), par. (c)] of the Act provides that in case an employer elects to come under the act then ''every employee of such employer as a part of his contract or hire or who may be employed at the time of the taking effect of this act, and the acceptance of its provisions by the employer, shall be deemed to have accepted all the provisions of this act and shall be bound thereby,'' unless he shall give notice to the contrary in the manner provided by the act. It thus appears that all employers and employees come under the act automatically, unless they reject it in the manner described above; that their failure to so reject the provisions of the act is of itself an adoption of the same. As there was no averment in the declaration that appellant had rejected the provisions of the Compensation Act, there was a legal presumption that appellant had accepted the terms of the act and it must be bound thereby, and this is so regardless of whether appellee desired to come under the act or not.

If appellant was operating under the Compensation Act at the time of the injury to appellee, then appellee would be unable to state a cause of action against it at law, such as this, and he must proceed if he desired to obtain compensation from appellant for his injuries in the manner provided for by said act. From the face of the declaration it appeared that appellee had no legal cause of action. It is contended by appellee that while appellant's declaration may have been obnoxious to demurrer, had one been filed, and that while it may have stated a cause of action de-

fectively, yet it would be cured by verdict. The fallacy of this position is that the declaration did not state a cause of action defectively but failed to state any cause of action, nor was the issue joined such as to require proof of the thing omitted, therefore the defect could not be cured by verdict. A verdict will not cure the statement of · a defective cause of action though it will aid the defective statement of a cause of action. *Barnes v. Brookman,* 107 Ill. 317; *West Chicago St. R. Co. v. Marks,* 82 Ill. App. 185. In the case of *Walters v. City of Ottawa,* 240 Ill. 259, wherein the declaration failed to state that the notice required to be given to certain officials of the city, as to the time ·and place where the injury for which recovery was sought occurred, had been given, the court held the omission was fatal, and in the opinion it is stated: "A declaration which fails to allege a fact without whose existence the plaintiff is not entitled to recover does not state a cause of action." Also: "If a declaration omits to allege any substantial fact which is essential to a right of action and which is not implied in or inferable from the finding of those which are alleged, a verdict for the plaintiff does not cure the defect." The declaration in this case failed to allege directly or indirectly that appellant was not operating under the provisions of the Compensation Act, which was a fact essential to appellee's right of action, and such fact could not be implied or inferred from those which were alleged, consequently a verdict for appellee did not.cure the defect, and the court erred in not sustaining the motion of appellant in arrest of judgment. *Smith v. Curry,* 16 Ill. 147; *Joliet Steel Co. v. Shields,* 134 Ill. 209. For this error the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*