## JOHANNA HADE v. BUEL L. SIMMONS.[1]

### April 20, 1916.

### Nos. 19,558—(30)[2].

**Death by wrongful act — evidence of negligence.**

1. In action for death by wrongful act the evidence is held to sustain the charge of negligence on the part of defendant, and to negative contributory negligence on the part of decedent.

**Workmen's Compensation Act — injury from act of third person.**

2. Section 33 of the Workmen's Compensation Statute, in respect to injuries to an employee, resulting from the act of a third person not his employer, has reference to cases where such third person is also subject to the compensation statute; it has no application where the third person is not subject to the act.

**Same — when third person is officer of corporation subject to act.**

3. The fact that the third person is an officer or agent of a corporation which is subject to the statute does not render the statute applicable unless the officer was acting in the course of his authority for the corporation, and to such an extent as to render the corporation liable for his act.

Action in the district court for Hennepin county by the administratrix of the estate of Fred A. Hade, deceased, to recover $7,500 for the death of her intestate. The defenses set up in the answer are stated at the beginning of the opinion. The case was tried before Hale, J., who, at the close of the testimony, denied defendant's motion to dismiss the action, and a jury which returned a verdict for $4,333. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*John F. Bernhagen,* for appellant.

*Grotte & Sundean,* for respondent.

[1]Reported in 157 N. W. 506.          [2]April, 1916, term calendar.

Note.—For an extensive discussion of workmen's compensation acts generally, see note in L.R.A. 1916, A, 23.

On rights and remedies under compensation acts where injuries were caused by negligence of third persons, see note in L.R.A. 1916 A, 360.

Brown, C. J.

Plaintiff's intestate was in the employ of the city of Minneapolis in the capacity of a street sweeper, and on June 4, 1914, while engaged in the course of his employment, was struck and killed by an automobile negligently operated by defendant. Plaintiff, as administratrix of his estate, brought this action under section 8175, G. S. 1913, and on the trial below recovered a verdict for $4,333. Defendant appealed from an order denying his alternative motion for judgment or a new trial.

Defendant contends: (1) That the facts disclosed by the record bring this case within the Workmen's Compensation Statute, (chapter 467, p. 675, Laws 1913), and that plaintiff's sole remedy, as the surviving widow of decedent, is one for the compensation there imposed upon the employer; and (2) that the evidence wholly fails to establish the allegations of negligence on the part of defendant, and is conclusive of decedent's contributory negligence.

1. The facts in reference to the first contention are as follows: Decedent was injured and killed by being struck by defendant's automobile, at a time when he was engaged in the discharge of his duties as an employee of the city. Defendant was the owner and in control of the automobile, and was operating it in taking his daughter to the public school, and solely in this behalf and not otherwise. He was at this time the secretary and treasurer of Nye-Jenks & Company, a corporation engaged in the grain business at Minneapolis, and employing in the conduct of its business a large number of laborers. The corporation was subject to the compensation statute. It is the claim of defendant that the injury causing decedent's death was accidental, and because of the fact that he, defendant, was secretary and treasurer of the corporation, which was subject to the compensation statute, that the case is controlled by Part 2 thereof, and that plaintiff's exclusive remedy is under that law. We do not sustain the point. The mere fact that defendant was an officer of the corporation does not extend to him the protection of the statute. He was not engaged in the discharge of any duty he owed the corporation at the time of the injury to decedent nor was he in the performance of any of its business affairs. On the contrary he was engaged in his personal pursuits, wholly distinct from the business of the corporation, during which time the corporation was in no way responsible for his acts. If

proceedings had been commenced to subject the corporation to liability, under the compensation act or otherwise, they would have failed by reason of the fact that defendant was not at the time acting as its officer or agent. The case does not then come within section 33 of that statute. The case would no doubt be different had it appeared that defendant was at the time engaged in the discharge of his duties as secretary or treasurer of the corporation. But, with no such fact appearing, and there being no liability on the part of the corporation, defendant is in no position to claim the benefits of the compensation statute. Section 33 of the compensation statute has reference solely to cases where the injury complained of was the act of a third person, also under the compensation act. Defendant as an individual was not subject to that statute, and it therefore does not apply.

2. The other points do not require discussion. It would serve no useful purpose to extend the opinion by a reference to the evidence. The case is one where an automobile driver strikes a laborer upon the street and causes his death. We have considered the record fully and have no difficulty in holding that the evidence is sufficient to sustain the verdict of negligence on the part of defendant, and that decedent was not guilty of contributory negligence. The evidence made both questions issues of fact for the jury.

Order affirmed.