(95 Misc. Rep. 150)

### WINTER v. PETER DOELGER BREWING CO.

(Supreme Court, Appellate Term, First Department.    May 29, 1916.)

1. EVIDENCE ☜5(2)—JUDICIAL NOTICE—MATTER OF COMMON KNOWLEDGE.

   It is a matter of common knowledge that individuals and corporations operate and own, respectively, enterprises and properties entirely unrelated to and independent of one another.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 4; Dec. Dig. ☜5(2).]

2. MASTER AND SERVANT ☜354—INJURIES TO SERVANT—WORKMEN'S COMPENSATION LAW—APPLICATION.

   Where the driver for a brewery, employed in delivering beer to a saloon keeper, was injured through the collapse of an elevator at the saloon premises, owned by the brewery, he could recover against his employer, exclusive of his remedy under the Workmen's Compensation Law, since the law does not deprive an injured employé of his common-law remedy against a third person, by whose negligence he may be injured, though performing his duties under the terms of his employment, and where a servant is injured in the course of his employment through the negligence of his master, when the master is engaged in an enterprise altogether independent of the business in which the servant is employed, the master must be regarded as a third party.

   [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. ☜354.]

   Guy, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Rudolph Winter against the Peter Doelger Brewing Company. From a judgment dismissing his complaint, plaintiff appeals. Judgment reversed, and new trial ordered.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

Walter A. Swett, of New York City (John J. McBride, of New York City, of counsel), for appellant.

Frank J. O'Neill, of Syracuse (Barent L. Visscher, of New York City, of counsel), for respondent.

BIJUR, J. Defendant conducts a brewery. Plaintiff was one of its drivers, engaged in delivering beer. While making such a delivery to a saloon keeper at premises entirely disconnected with the brewery, he was injured through the collapse of an elevator on said premises. Defendant happened to be the owner of these premises, and has succeeded in the court below on the plea that the remedy given by the Workmen's Compensation Law is exclusive.

[1, 2] The case of Lester v. Otis Elevator Co., 169 App. Div. 613, 155 N. Y. Supp. 524, is determinative of the point that that law does not deprive the injured employé of his common-law remedy against a third person, by whose negligence he may be injured, although at the time he was pursuing his duties under the terms of his employment. It seems to me to follow as the inevitable corollary of that proposition that, if he be injured while in the course of his master's employment through the negligence of that master when the latter is engaged in an enterprise altogether independent of and unrelated to the business

in which the servant is employed (i. e., in this case the ownership of separate real estate), the master as to that enterprise must be regarded as a third party. It is a matter of common knowledge that individuals and corporations operate and own, respectively, enterprises and properties entirely unrelated to and independent of one another. The Workmen's Compensation Law was surely not intended to prevent an employé from recovering under the common law for negligence of a person or corporation merely because in an entirely different capacity and interest he or it happened to be the owner of such an independent enterprise or property. This, for example, would, it seems to me, be apparent, if the plaintiff, while engaged in the business of the brewery conducted by the defendant, happened to be injured through the negligence of officers of a steamboat plying on a route hundreds of miles from this city, merely because the steamboat was owned by the brewery corporation.

Judgment reversed, and new trial ordered, with $30 costs to appellant to abide the event.

COHALAN, J., concurs.

GUY, J. (dissenting). Plaintiff appeals from a judgment dismissing the complaint in an action brought to recover damages for personal injuries sustained by him while performing duties as an employé of the defendant in unloading certain barrels of beer placed in his custody as a truckman by defendant, with orders to deliver same at premises owned by the defendant where the accident occurred. Plaintiff's injury was due to the alleged defective condition of a sidewalk elevator belonging to defendant, on which, at the time of the accident, plaintiff was engaged in loading the beer in question.

The learned trial court dismissed the complaint, holding that plaintiff's only remedy was under the Workmen's Compensation Law. It was stipulated on the trial by both parties:

"That defendant was the owner of the premises where the accident occurred; that defendant maintained and controlled the sidewalk elevator; that the elevator was in a defective condition; that the plaintiff was in the employ of the defendant as a brewery truck driver, and *at the time of the accident was engaged in handling merchandise of the defendant, in the defendant's business;* that the defendant had theretofore secured the payment of compensation for injured employés and their dependents pursuant to the provisions of section 50 of chapter 67 of the Consolidated Laws; and that such payment was secured for the benefit of the plaintiff, as well as for the benefit of other employés."

Plaintiff states in his brief (page 3):

"The plaintiff does not dispute the right to his remedy under the provisions of the Workmen's Compensation Law, nor is there any contention that the instant case militates against that law. The action was brought against the owner of the building at 100th street and Central Park West, in accordance with the provision of the statute, which provides that an injured employé may elect to take compensation from the employer, or resort to his remedy at common law, against a third party whose negligence brought about the injury."

The sole point at issue on this appeal is whether the defendant is to be regarded as a third party, within the meaning of the statute, merely

because he was the owner of the building where the accident occurred and where the defect existed which caused plaintiff's injury. I am of the opinion that there is no ground whatever for the contention that defendant is a third party within the meaning of the statute. The law was enacted primarily for the purpose of definitely fixing and determining the respective rights and obligations of employers and employés as to injuries sustained by employés in the course of their employment and while engaged in the master's business for which they are employed. The statute does not contemplate that an employer shall have a dual legal personality—a sort of Dr. Jekyll and Mr. Hyde —so far as relations with his employés are concerned, in connection with matters growing out of and directly connected with such employment. Whether the employer might be held liable as a third party, where he was the responsible cause of an employé's injury through agencies controlled by him, which were entirely separate, apart, and distinct from the employment of the injured employé, may be an interesting academic question, but has nothing whatever to do with this case.

The concession that plaintiff has a right of action against the defendant as his employer under the Workmen's Compensation Law carries with it the assumption that the injury occurred in the course of and connected with plaintiff's employment by the defendant. But, were there any doubt on that point, it is entirely removed by the further stipulation, entered upon the record, that "at the time of the accident plaintiff was engaged in handling merchandise of the defendant, in the defendant's business," and this is supplemented by further proof that the elevator was the appliance furnished by the employer for the use of his employé in the performance of his duty in delivering the barrels of beer at the place where he was instructed to deliver them by his employer.

The judgment should be affirmed.