Thomas L. Robertson, Appellee, v. Northwestern Elevated Railroad Company et al., on appeal of Northwestern Elevated Railroad Company, Appellant.

Gen. No. 23,238.

1. LIMITATION OF ACTIONS, § 74*—*when amendment to declaration does not set up new cause of action.* A declaration in an action at common law to recover damages for personal injuries, brought by an employee of a construction company against an elevated railroad, *held* to set up a good cause of action, although it made no reference to the Workmen's Compensation Act and did not contain an allegation to the effect that the defendant had elected not to be bound by the act, and an amended declaration adding such an allegation to those contained in the original declaration does not set up a new cause of action subject to the bar of the statute of limitations.

2. RAILROADS, § 578*—*when evidence as to manner of running elevated trains is immaterial.* In an action by an employee of a construction company against an elevated railroad company for personal injuries, certain train sheets and other testimony offered to show that on the only night the plaintiff had worked on the certain job as an employee of the construction company at work on defendant's elevated railroad tracks previous to the occasion of his injury, defendant's trains were running on the west track where the work was being done at 11 o'clock at night, were properly excluded as immaterial, where defendant's superintendent had notified the superintendent of plaintiff's employer that the west track would be dead at 11 o'clock on the night in question.

3. RAILROADS, § 582*—*when negligence in operation of elevated train shown.* Evidence *held* to warrant the finding that defendant

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Robertson v. Northwestern Elevated R. Co., 210 Ill. App. 89.

was negligent in the operation of its elevated railroad train which caused injury to plaintiff, an employee of a construction company.

Appeal from the Superior Court of Cook county; the Hon. MARCUS A. KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed March 13, 1918. Rehearing denied March 25, 1918.

RAYMOND H. SCHULTZ, for appellant.

EARL J. WALKER, for appellee; A. R. MILLER, of counsel.

MR. JUSTICE THOMSON delivered the opinion of the court.

This was a suit brought by Thomas L. Robertson, appellee, hereinafter referred to as the plaintiff, for damages alleged to have been suffered as a result of personal injuries, in which a judgment was entered in favor of the plaintiff for the sum of $2,750, from which judgment the Northwestern Elevated Railroad Company, hereinafter referred to as the defendant, has appealed.

The declaration alleged, in the first two counts, that the defendant had engaged the Brennan Construction Company to repair or alter its railroad structure; that the plaintiff was in the employ of that company; and, in the last two counts, that the defendant had arranged with the plaintiff and divers other persons to assist in the repair or alteration of its structure. All counts then proceeded to allege that while the plaintiff was engaged in the performance of his duties in connection with the making of such repairs or alterations and in the exercise of due care, the defendant so negligently operated one of its trains as to strike the plaintiff and seriously and permanently injure him.

The specific acts complained of as negligent differ somewhat in the different counts.

To this declaration the defendant pleaded the general issue. During the progress of the trial, the plaintiff was given leave to amend his declaration over defendant's objection, whereupon the plaintiff filed an amended declaration which was substantially the same as the original declaration except that the following allegation was made a part of each count:

"And the plaintiff further alleges that said defendant herein, on, to wit, September 22, 1913, rejected the provisions of the Workmen's Compensation Act of Illinois, in force May 1, 1912, and that such rejection was not thereafter withdrawn."

To this amended declaration, the defendant pleaded the general issue and a special plea of the statute of limitations. The plaintiff demurred to the special plea and the demurrer was sustained and the defendant elected to stand on the plea. The trial proceeded and the jury returned a verdict in favor of the plaintiff and against both defendants then remaining in the case. This verdict was set aside and a new trial granted, and, upon the second trial, the jury returned a verdict finding this defendant guilty and the other defendant not guilty. Motions were made by the defendant for a new trial and an arrest of judgment, both of which were overruled, and judgment was entered on the verdict.

The defendant contends that this judgment should be reversed by reason of the alleged error of the trial court in sustaining the demurrer to the defendant's plea of the statute of limitations, citing *Kleet v. Southern Illinois Coal & Coke Co.*, 197 Ill. App. 243; *Yeancey v. Taylor Coal Co.*, 199 Ill. App. 14; *Means v. Terminal R. Ass'n of St. Louis*, 202 Ill. App. 591. Relying upon these cases, the defendant contends that the amended declaration set up facts showing that it was not within the Workmen's Compensation Act at

the time the plaintiff was injured, but, not having been filed within 2 years after the cause of action arose, the cause of action is barred by the statute of limitations, the action having been brought at common law and the declaration prior to its amendment having set up no facts showing that the act did not apply. Since the first two decisions referred to were rendered, the case of *Von Boeckmann v. Corn Products Refining Co.*, 274 Ill. 605, was decided by our Supreme Court. This later decision was handed down about 2 weeks prior to the filing of the decision in the case of *Means v. Terminal R. Ass'n of St. Louis, supra.* In connection with the latter case the court's attention had doubtless not been called to the then very recent ruling of the Supreme Court. In the Supreme Court decision referred to, a common-law action was brought by an employee against his employer for damages as a result of injuries alleged to have been suffered by him and caused by the negligence of the employer. The declaration was similar to the original declaration in the case at bar in that it made no reference whatever to the Workmen's Compensation Act. The case involved other issues which are not material here. The Supreme Court said in that case that the declaration stated a good cause of action if the defendant had elected and given notice that it would not be bound by the Compensation Act, but that if the parties were under the Compensation Act the defendant could make that proof under the general issue and thereby interpose a complete bar to the plaintiff's suit as stated in his declaration. In a later decision of the Supreme Court in the case of *Keeran v. Peoria, B. & C. Traction Co.*, 277 Ill. 413, a declaration was filed in a common-law action for damages suffered by the plaintiff by reason of the alleged negligence of the defendant, the latter being a third person and not the employer of the plaintiff, and this declaration also seems to have

omitted any reference to the Workmen's Compensation Act. The defendant did not demur to the declaration nor contend that the declaration failed to set forth a good cause of action but pleaded the general issue and also certain special pleas in which it set up facts in support of its contention that the parties involved were covered by the Workmen's Compensation Act. While the court in that case did not have occasion to pass upon the precise point involved here, there is nothing said by the court in that opinion which would in any way indicate that the pleadings involved in that case were not good pleadings.. A still later decision of our Supreme Court was rendered in the case of *Zukas v. Appleton Mfg. Co.,* 279 Ill. 171, which also involved a declaration similar to the original declaration in the case at bar. The action was a common-law action and the declaration did not negative the operation of the Workmen's Compensation Act in that it did not allege that the defendant had elected not to provide compensation under the act. As pointed out by the Supreme Court in that case, if the defendant had elected to be bound by the Workmen's Compensation Act it would not be liable in a common-law action for injuries to an employee. In that case the defendant pleaded only the general issue, and during the trial when the plaintiff sought to introduce evidence to show that the defendant was not operating under the Workmen's Compensation Act but had elected to the contrary, the defendant objected to the testimony and the objection was sustained. On appeal the defendant contended that inasmuch as the declaration had failed to negative the presumption that it was operating under the Workmen's Compensation Act it had failed to state a case, and that the court was without jurisdiction to hear and determine the case. The court said on page 175:

"Whether the court had jurisdiction to determine

94    Appellate Courts of Illinois.

Robertson v. Northwestern Elevated R. Co., 210 Ill. App. 89.

defendant's liability to an injured employee in a common-law action depended upon the fact whether defendant had elected not to be bound by the statute. Plaintiff offered to prove it had so elected, and defendant does not deny the truth of the fact offered to be proved and which was prevented from being made on its objection that it was not an issue in the case. If, in truth and in fact, it had made such election, then the court had jurisdiction to entertain a suit at common law to determine defendant's liability to an injured employee. We are warranted in inferring from the record that such was the fact.''
It is not disputed that in the case at bar the proof shows that the defendant had, in fact, made such election, namely, not to be bound by the statute.

In view of the language which our Supreme Court has used in the decisions referred to, we hold that a declaration such as that involved in the case at bar sets up a good cause of action, although it makes no reference to the Workmen's Compensation Act and does not contain an allegation to the effect that the defendant has elected not to be bound by the act. Therefore an amended declaration which adds such an allegation to those contained in the original declaration does not set up a new cause of action. It follows that the action of the trial court in sustaining the plaintiff's demurrer to the defendant's special plea of the statute of limitations was not error.

The defendant urges, further, that the judgment of the trial court should be reversed because of the alleged error by that court in excluding certain train sheets and other testimony offered by it to show that on the only night the plaintiff had worked on this job previous to the occasion of his injury the trains were running on the west track at 11 o'clock p. m. The defendant was the owner of the elevated railroad structure on which the work in question was being done. The men were engaged in the work during the

night as well as during the day, and, whenever the men were at work during the night, the movement of trains over the west track was stopped as the work was being done on that side of the structure. One Burke, superintendent of erection for the Brennan Construction Company, testified that he had always made his arrangements with Perkins, superintendent of erection for the defendant, for the night work, and that he saw Perkins on the day in question and that the latter asked him what time he wanted the track that night. The witness said he wanted it as early as he could get it and Perkins told him he could have it at 11 o'clock. The witness then testified that he arranged with Hunter, his assistant foreman, for the work that night, telling him that the track would be dead at 11 o'clock and that the work could be started at 11:30, the reason for this being, as stated by the witness, to give the defendant's men a chance to get the guardrails up at the crossover to the east track before the work was begun. Hunter testified that on the night in question at the hour of 11 o'clock he told his men to go to work. There were two large plates down on the street which were to be put into place that night and he said he put the men to work at 11 o'clock so that they could proceed to get these plates up onto the structure and be in a position to proceed with the work at 11:30. When directed to go to work at 11 o'clock the men put on their overalls and procured their tools from the tool box, unbolted the plates which were fastened together and proceeded to carry them up onto a station platform which was adjacent to the point at which the work was being done. The plaintiff assisted in carrying up the first plate. Upon reaching the platform the plate was lowered to the floor of the platform and extended out some inches over the west track. While the plate was in this position, being supported by the plaintiff, who was lean-

96    APPELLATE COURTS OF ILLINOIS.

Robertson v. Northwestern Elevated R. Co., 210 Ill. App. 89.

ing down towards the south, one of the trains of the Metropolitan West Side Elevated Railway Company, a lessee of the defendant, came up from that direction, striking the plate and thus knocking plaintiff over and injuring him.

There was some testimony by plaintiff's witnesses, some of which was brought out by the defendant on cross-examination, to the effect that on previous nights the movement of trains over the west track had been stopped at 11 o'clock, and the defendant offered to prove by these train sheets and otherwise that this was not the case, thereby meeting the inference that the plaintiff was justified in supposing that the movement of trains would be stopped on the same hour on the night in question. It was not error to sustain objection to this testimony, for the question of the hour at which the movement of trains was stopped on previous nights was immaterial. We have referred above to the testimony indicating that the defendant's superintendent had notified the superintendent of the Brennan Construction Company that the west track would be dead at 11 o'clock and that the latter had so notified the assistant foreman who had direct charge of the men on the night in question and directed them to go to work when that hour arrived. But quite beside this question, and without regard to it, was the further question of whether or not the defendant's lessee was guilty of such negligence in the operation of its train which caused the injury to the plaintiff as to make the defendant liable. This was one of the questions for the jury to pass upon, and from the record we cannot say that the jury were not warranted in reaching the conclusion that they did. This applies also to the further contentions urged by the defendant as to the presence of negligence on defendant's part and contributory negligence on the part of the plaintiff as shown by the evidence.

For the reasons stated, the judgment of the trial court will be affirmed.

*Affirmed.*