## Ben Rogers, Plaintiff in Error, v. Illinois Central Railroad Company, Defendant in Error.

1. WORKMEN'S COMPENSATION ACT, § 3*—*what constitutes extrahazardous business of loading and unloading in connection with carriage by land.* A tie company which maintains a spur track upon which cars are placed by a railroad company for the purpose of being loaded with railroad ties at the time of an injury to an employee engaged in loading a car by the moving of a train on the spur track, is engaged in the extrahazardous business of "loading and unloading" in connection with "carriage by land" within section 3 of the Workmen's Compensation Act [Callaghan's 1916 St. Supp. ¶ 5475(3)], so as to be conclusively presumed to have elected to pay compensation under the act, unless it has filed its election not to do so with the Industrial Board as provided by law.

2. WORKMEN'S COMPENSATION ACT, § 11*—*what constitutes injury arising out of and in course of employment of one loading ties on railroad car.* An injury received by an employee of a tie company, due to the movement of a train of cars by a railroad company on a spur track against a car such employee is loading with ties to be moved by the railroad company, is an injury arising out of and in the course of his employment within the Workmen's Compensation Act.

3. WORKMEN'S COMPENSATION ACT, § 12*—*what is essential allegation in action at common law by employee for personal injuries.* In an action at common law by an employee of a tie company against a railroad company for personal injuries, due to the negligence of the latter company in movement of its cars while plaintiff was loading a car with ties to be transported by defendant, an allegation that plaintiff's employer and defendant had elected not to be bound by the provisions of the Workmen's Compensation Act is essential.

4. WORKMEN'S COMPENSATION ACT, § 2*—*what constitutes an adoption of by those engaged in extrahazardous occupations.* Under section 3 of the Workmen's Compensation Act of 1913 [Callaghan's 1916 St. Supp. ¶ 5475(3)], all employers and employees engaged in extrahazardous occupations come within the act automatically unless they reject the provisions thereof in the manner required by law, and their failure to so reject the provisions of the act is of itself an adoption of the same.

5. WORKMEN'S COMPENSATION ACT, § 18*—*when no right of action*

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*lies against negligent third person.* Section 6 of the Workmen's Compensation Act of 1913 [Callaghan's 1916 St. Supp. ¶ 5475(6)], providing that "no common law or statutory right to recover damages for injury or death sustained by any employee while engaged in' the line of his duty as such employee other than the compensation herein provided shall be available to any employee who is covered by the provisions of this act," etc., and section 29 [Callaghan's 1916 St. Supp. ¶ 5475(29)], relating to actions against third persons whose negligence causes the injury to employees, must be construed together, and, as so construed, to mean that no common-law or statutory right to recover damages for an accidental injury shall be available to any employee, either against his employer or against any third person whose negligence may have caused the injury, where such person had also elected to be bound by the act, the employer in such case being subrogated to the right of the employee or his personal representative to recover, and the amount of recovery being limited to the aggregate amount of compensation payable under the act.

Error to the Circuit Court of Massac county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 5, 1918.

FRED R. YOUNG and H. A. EVANS, for plaintiff in error.

COURTNEY, HELM & HELM, for defendant in error; BLEWETT LEE, W. S. HORTON, W. W. BARR and CHARLES E. FEIRICH, of counsel.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

An action on the case was instituted in the Circuit Court of Massac county by plaintiff in error, hereinafter called plaintiff, against defendant in error, hereinafter called defendant, to recover damages for injuries sustained by him while engaged as an employee of the Ayer & Lord Tie Company, hereinafter called the Tie Company, in loading railroad ties for said Tie Company from its freight yard into cars to be carried by defendant company.

The declaration as finally amended consists of two

counts. The first count charges, in substance, that defendant Railroad Company operated a certain spur track located on the premises of said Tie Company and which connected with the main line of defendant's railroad in said county, and used the said spur track for the purpose of loading its cars with freight; that on the 15th of August, 1916, defendant placed upon said spur ten cars to be loaded with crossties from the freight yard of said Tie Company for shipment on its said railroad; that plaintiff was in the employ of said Tie Company for the purpose of loading said ties, and which so engaged the "defendant by its agents and servants negligently and carelessly drove a certain locomotive engine and train of cars of the defendant into and upon the said spur track and to and against the car in which the plaintiff was then and there necessarily standing in the discharge of his duties, and while the plaintiff was using due care for his own safety, and struck the car aforesaid with great force and violence," and that by means whereof plaintiff received the injuries complained of, alleges damages, etc.

The second count is substantially the same as the first except that in addition to the averments in the first count it alleges that the ties being loaded by plaintiff at the time of the injury were consigned to Detroit, Michigan. A demurrer filed by defendant to said declaration was by the court sustained. Plaintiff elected to abide by said declaration, and a judgment was thereupon rendered against him in bar of action and for costs. To reverse said judgment this writ of error is prosecuted.

It is first contended by plaintiff for a reversal of said judgment that it does not appear from the averments of said declaration that said Tie Company was at the time of the alleged injury engaged in an extrahazardous business as contemplated by section 3 of the Workmen's Compensation Act [Callaghan's 1916 St. Supp. ¶ 5475(3)]. The declaration does not specifically aver as to whether plaintiff, said Tie Company,

or the defendant were operating under the Workmen's Compensation Act. That question can only be determined from the averments of fact set forth in the declaration. The declaration avers, among other things, that the defendant "operated a certain spur track then and there being located on the premises of the Ayer & Lord Tie Company connecting with the main line of the railroad aforesaid, in the City of Brookport, in said county." It is further averred in said declaration that defendant "on the day aforesaid, in the county aforesaid, placed upon the said spur track a large number of cars, to wit, ten cars, to be loaded with crossties for shipment upon its said railroad by the owner and shipper of said ties, to wit, the Ayer & Lord Tie Company, a corporation, from the freight yard and premises of said Ayer & Lord Tie Company then adjoining said spur track; the plaintiff then and there being in the hire and employment of the said Ayer & Lord Tie Company for the purpose of loading the ties of the said Ayer & Lord Tie Company into and upon the cars of the defendant aforesaid."

Paragraph "b" of section 3 of the Workmen's Compensation Act of 1913 [Callaghan's 1916 St. Supp. ¶ 5475(3)(b)] provides that: "The provisions of paragraph (a) of this section shall only apply to an employer engaged in any of the following occupations, enterprises or businesses, namely:" (Here follow four subdivisions), number 3 of said subdivisions being: "Carriage by land or water and loading or unloading in connection therewith." The averments of the declaration are to the effect that the Tie Company was engaged in the business of loading and unloading in connection with carriage by land. In other words, that defendant was a common carrier. The spur track referred to was on the premises of and belonged to said Tie Company and it was engaged at the time of the injury to plaintiff in loading ties on cars placed on said spur by defendant. These ties

were to be carried by land as contemplated by the provisions of the Workmen's Compensation Act. Said Tie Company would therefore be conclusively presumed to have elected to pay compensation thereunder, unless it had filed its election not to do so with the Industrial Board as provided by said statute.

Plaintiff at the time of his injury being an employee of said Tie Company, and being engaged in loading ties in the cars placed on said spur by defendant, would conclusively be presumed to be operating under the Workmen's Compensation Act.

In *Friebel v. Chicago City Ry. Co.,* 280 Ill. 76 [16 N. C. C. A. 390], the court at page 82 says: "Under the holding of this court in *Armour & Co. v. Industrial Board of Illinois,* 275 Ill. 328, appellant's employer, the Hartman Furniture and Carpet Company, in maintaining its warehouse for the storing of its furniture and from which distribution of furniture was made to its customers, was operating a warehouse within the meaning of subdivision 4 of paragraph (b) of section 3 of the Compensation Act [Callaghan's 1916 St. Supp. ¶ 5475(3)(b) 4], and was therefore engaged in one of the hazardous occupations mentioned in section 3. Appellant and his employer having made no election not to be bound by the Compensation Act were automatically brought within its provisions and are governed by all of those provisions, provided appellant at the time of his injury was engaged in an employment connected with the operation of said warehouse."

It is next contended by plaintiff that the injury complained of did not arise out of and in the course of his employment as contemplated by the statute. Without going into an extended discussion of this proposition we are of the opinion that the injury sued for in this case did arise out of and in the course of plaintiff's employment. The declaration avers that he was in the employ of said Tie Company and that said Tie Company was engaged in the business of

loading ties for shipment with defendant railroad, and that at the time of the injury and while in the employ of said Tie Company he was injured while loading ties on said spur track.

Lastly it is insisted by plaintiff that even though he, the defendant in error, and the Tie Company were all operating under and were bound by the provisions of the Workmen's Compensation Act, and even if plaintiff's sole remedy is a proceeding before the Industrial Board for compensation instead of a common-law action based on negligence for damages, that defendant cannot take advantage of this by demurrer, because the declaration fails to allege positively either that these parties were or were not operating under the Workmen's Compensation Act. At the time of this alleged injury the Workmen's Compensation Act was in full force and effect. All employers who are enumerated in paragraph (b) of section 3 of said act were conclusively presumed to have elected to be bound by the act, and automatically, without any volition on their part, were brought under the act, unless within a specific time and in a specified manner they elected not to be bound by the act. The elective feature of the act was to be exercised to avoid being bound by the act—to merely remain passive and inactive and do nothing, meant that automatically one was brought under the act. The declaration fails to allege either directly or indirectly that said Tie Company, plaintiff's employer, or the Illinois Central Railroad Company had elected not to be bound by the provisions of the Workmen's Compensation Act. An allegation of that character is essential to the plaintiff's right to bring a common-law action against the defendant, for the reason that if defendant is operating under the Workmen's Compensation Act, plaintiff would be unable to state a cause of action against it at common law based on negligence, but would have to bring a proceeding before the Industrial Board against his

employer for compensation.  Plaintiff can maintain a cause of action at common law against the defendant only in the event defendant was at the time of said injury not operating under and bound by the Workmen's Compensation Act.

In *Yeancey v. Taylor Coal Co.,* 199 Ill. App. 14, the court at page 18 says: "All employers and employees come under the act automatically, unless they reject it in the manner described above; that their failure to so reject the provisions of the act is of itself an adoption of the same.  As there was no averment in the declaration that appellant had rejected the provisions of the Compensation Act, there was a legal presumption that appellant had accepted the terms of the act and it must be bound thereby, and this is so regardless of whether appellee desired to come under the act or not.  * * *  The declaration in this case failed to allege directly or indirectly that appellant was not operating under the provisions of the Compensation Act, which was a fact essential to appellee's right of action, and such fact could not be implied or inferred from those which were alleged, consequently a verdict for appellee did not cure the defect, and the court erred in not sustaining the motion of appellant in arrest of judgment."

We therefore hold that inasmuch as the allegations of the declaration show that said Tie Company and defendant Railroad Company and the plaintiff were all engaged in an extrahazardous occupation, they would be conclusively presumed to be operating under the Workmen's Compensation Act.  If we are correct in this holding there can be no recovery in this case under the averments of plaintiff's declaration.

Section 6 of the Workmen's Compensation Act [Callaghan's 1916 St. Supp. ¶ 5475(6)] provides:  "No common law or statutory right to recover damages for injury or death sustained by any employee while engaged in the line of his duty as such employee other

than the compensation herein provided shall be available to any employee who is covered by the provisions of this act, to any one wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury.''

The Supreme Court in construing section 6, in *Keeran v. Peoria, B. & C. Traction Co.*, 277 Ill. 413, holds that section 6 should be construed in connection with section 29 of said Act [Callaghan's 1916 St. Supp. ¶ 5475(29)] in determining the right of recovery of an injured party who was in the employment of a company operating under the Workmen's Compensation Act, and who while engaged in the work of his employer receives an injury growing out of and in the course of his employment, through the negligence of some third party. The court at page 419 says: ''If section 6 were to be construed alone the appellant's claim in regard to its meaning would have much force, but the rule of construction requires the whole act to be construed together, and in determining the meaning of section 6 the provisions of section 29 cannot be disregarded. The two sections, when construed together, must be regarded as meaning that no common-law or statutory right to recover damages for any accidental injury arising out of and in the course of his employment shall be available to any employee, either against his employer or against any third person whose negligence may have occasioned the injury, where such person had also elected to be bound by the act, the employer in such case being subrogated to the right of the employee or his personal representative to recover, and the amount of the recovery being limited to the aggregate amount of compensation payable under the act.'' Again at page 423 the court says: ''It was not intended that the injured person should be entitled to double compensation. Therefore the act provided, in section 29, that if the

injury was caused by another than the injured person's employer, under circumstances imposing upon the former a legal liability for damages, and such other person was under the provisions of the act, the burden of making compensation should fall upon the person so causing the injury and the compensation should be such as was provided by the act, and the employer of the injured employee should be subrogated to his employee's rights against the person causing the injury.''

In *Friebel v. Chicago City Ry. Co., supra,* the court at page 86 [16 N. C. C. A. 408] says: ''There can be no question, we think, when sections 6 and 29 are construed together, that the employee is not entitled to more than the compensation allowed by the Compensation Act in such a case, and the party directly liable to him for such compensation is his employer. Such was the holding of this court in the case of *Keeran v. Peoria, B. & C. Traction Co.,* 277 Ill. 413. It was also held in that case that the injured employee could not maintain an action against the party causing the injury where the third party and himself and his employer are all bound by the provisions of the Compensation Act. We see no reason for receding from that holding.''

We hold, therefore, in view of the language of the Supreme Court in *Keeran v. Peoria, B. & C. Traction Co.* and *Friebel v. Chicago City Ry. Co., supra,* that inasmuch as plaintiff, said Tie Company, and defendant, under the allegations of the declaration are all presumed to be operating under the Workmen's Compensation Act, there is no right of recovery in favor of plaintiff against defendant, even though plaintiff was injured through the negligence of defendant as charged in the declaration. The right of recovery, if any against defendant, would be in the Tie Company, the employer of plaintiff, and its right of recovery would be limited to the amount of compensa-

tion which it had paid or become liable for to plaintiff under the Workmen's Compensation Act.

There being no reversible error in the ruling of the trial court in sustaining the demurrer to the declaration and in rendering judgment thereon, the judgment of the trial court will be affirmed.

*Judgment affirmed.*