·FRANK PODGORSKI v. M. F. KERWIN.[1]

December 19, 1919.

No. 21,489.

**Workmen's Compensation Act — when negligent third party employer is not subject to the act.**

1. To entitle a third party employer, whose negligent act causes injury to the employee of another, to the protection of the second subdi-

[1]Reported in 175 N. W. 694.

vision of section 8229 (G. S. 1913), of the Workmen's Compensation Act, it must appear that the act complained of arose out of or had some relation to the business carried on by him, as to which he was an employer within the meaning of the statute.

**Same.**

2. The mere fact that he is an employer of labor is not sufficient to bring him within that provision of the act.

**Same — employer not engaged in work of his employment.**

3. Such an employer is not necessarily engaged in the work of his employment or in the conduct of the affairs thereof when going from his residence to his place of business, though he makes use of an automobile owned by him as a means of conveyance.

**Same — action against third party employer after settlement with own employer.**

4. An injured employee may maintain an action against such third party employer, notwithstanding a settlement had with his own employer and the payment of the amount agreed upon.

**Same—effect of recovery against third party.**

5. A recovery in such an action will conclude his employer and not expose the third party to a second suit.

Action in the district court for Ramsey county to recover $21,000 for personal injuries. The case was tried before Haupt, J., who at the close of the testimony denied defendant's motion that the jury be discharged and the court take up the case for adjudication under the provisions of the Workmen's Compensation Act, and denied defendant's subsequent motion for a directed verdict on the ground that plaintiff was not the real party in interest and under G. S. 1913, § 8229, subdivisions 1 and 2, was not entitled to maintain the action, and a jury which returned a verdict for $7,000. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Hoke, Krause & Faegre* and *John S. Crooks,* for appellant.

*Samuel A. Anderson,* for respondent.

BROWN, C. J.

Action at law for personal injuries alleged to have been caused by the negligence of defendant. In addition to joining issue on the allegations of negligence and the nature and character of plaintiff's injuries, defendant interposed by way of special defense a claim that the rights and lia-

bilities of the parties were controlled by the Workmen's Compensation Act, and that if plaintiff was entitled to any relief for the injury complained of the measure thereof was the amount fixed by that act. This defense was, by the rulings of the trial court and the verdict of the jury, entirely eliminated from the case, and an award of general damages given plaintiff in the sum of $7,000. Defendant appealed from an order denying a new trial.

The facts are substantially as follows: At the time of the injury in question plaintiff was in the employ of the People's Coal & Ice Company, a corporation doing the business indicated by its name in the city of St. Paul. Both were under and subject to the compensation act. At about 7:30 o'clock on the morning of September 16, 1918, plaintiff in the due course of his employment was engaged in the delivery of a load of coal at the residence of a customer of his employer. The truck on which the coal was carted to the place of delivery while being unloaded was stationed in the public alley in the rear of the residence where delivery was being made.

Defendant was then and for some time prior thereto had been engaged as an individual in the wholesale paper trade, and as to his employees was subject to the compensation act. At the time of the accident defendant had started on the way to his place of business in another part of the city, using his automobile as a means of conveyance, and negligently ran into and injured plaintiff while he was so engaged in the delivery of the coal as just stated.

Plaintiff's employer, the coal and ice company, was protected from losses of this kind by indemnity insurance, and subsequently entered into an agreement of settlement with the plaintiff, the insurance company concurring therein, by which plaintiff's compensation under the statute was agreed to and thereafter paid to him in monthly instalments; such payments were being made at the time of the commencement and trial of this action.

Under the several assignments of error defendant contends: (1) That the rights of the parties on the facts presented are controlled by the compensation act; (2) that the damages awarded by the jury are excessive; and (3) that plaintiff's counsel was guilty of misconduct in his address to the jury, for which a new trial should be granted.

1.   The provisions of the compensation act which are involved, and upon which defendant relies in support of the first contention, are those dealing with the rights and liabilities of third persons who negligently cause injury to the employees of another. G. S. 1913, § 8229, covers the subject in two subdivisions; the first of which treats of the third person negligently causing such an injury, who, as to his own servants and employees, is within and subject to the act; the second with the third person causing a like injury, who is not within or subject to the act.

The primary inquiry upon this branch of the case is whether on the facts disclosed by the record, which are not in dispute, defendant is in position to invoke the protection of the statute in defense to the action, or in reduction of the amount of the recovery given by the jury. In other words, whether he was on the particular occasion and at the time of the injury "subject to the provisions of the act," within the meaning and intent of the statute. The trial court ruled adversely to defendant, and held that he was not as to this transaction within the act, and therefore not entitled to its benefits or protection.

The question is not perhaps entirely free from doubt, but a careful consideration of the question leads us to the conclusion reached by the court below. By the terms of section 8203, where both the employer and the employee are subject to the act, the latter is entitled to compensation for an injury received during the course of his employment, without regard to the question of negligence on the part of the employer; compensation follows from an accidental injury. Under subdivision 1 of the section under consideration, an employer who is within the act is made liable for compensation for injuries to the employees of another employer, where the injury is caused under circumstances creating a legal liability against him; in other words, the employer who is subject to the act is liable for compensation in such case only where his act creates a legal liability against him, which necessarily excludes accidental injuries. While the statute makes it clear that in either case the injury for which compensation is given must, as to the employee, arise out of and in the course of the employment, there is no express provision prescribing when and under what circumstances the third party employer may or may not claim the benefits of the limited liability thus imposed upon him; it does not prescribe that to be entitled to the protection of the statute he must

show that the act causing the injury was committed at a time when he was engaged in the affairs of his own employment. But we think, though the statute is silent upon the particular point, that it should be so construed.

It seems clear that the legislature did not intend to extend the protection of the statute to the culpable third party employer, merely because he happened to be an employer of labor, and as to his own employees within the statute. No reason occurs to us why such an employer should receive protection from a negligent injury occasioned while in the pursuit of his personal affairs, wholly disconnected with and unrelated to his business employment, as upon a pleasure drive with his automobile on a holiday or of a Sunday. It is a well known fact that business concerns, through their servants and employees, have frequent and almost daily transactions with each other in the delivery of commodities by one to the other, which necessarily expose their employees to injury when upon or about the premises of the employer with whom such transactions are had, as well as when the employees come in contact with each other in the discharge of their duties elsewhere. This was well understood by the legislature when framing and enacting the statute, and we conceive the purpose of that body to have been to limit the liability of the third party employer to injuries arising from relations of that kind, and not to extend to him a blanket exemption from liability for his wrongful acts, based on the naked fact that he occupies that relation to industrial life. Hade v. Simmons, 132 Minn. 344, 157 N. W. 506. We so construe the statute, from which it follows that the limited liability is not available to defendant, unless the act causing the injury here complained of had some relation to and connection with the business which he then carried on, as to which he was an employer within the meaning of the law. That question, in the light of the rule of the law as applied to the employee in a similar situation, is not difficult to answer.

It is a well settled general rule that an injury suffered by an employee, in going to or returning from the employer's premises where the work of his employment is carried on, except in special instances not here involved, does not arise out of his employment and entitle him to compensation. 1 Honold, Workmen's Compensation, 105 and 107, and authorities there cited. The same rule should apply to the employer, and

negligent acts committed by him in the careless operation of an automobile, which he employs in going to and returning from his business premises, should be held not within the protection of the statute. Such is this case. Plaintiff had just started in his automobile for his place of business, and before reaching the public street negligently ran into and injured plaintiff. He was not then upon or near his business premises, and the use of the automobile as a means of conveyance thereto had no relation to the conduct of the business there carried on.

We therefore hold that, since the injury complained of did not arise out of the conduct of defendant's business, he is not entitled to the benefit of the limited liability fixed by the compensation act. Hade v. Simmons, supra. We have been cited to no case directly in point. In Winter v. Peter Doelger Brewing Co. 95 Misc. 150, 159 N. Y. Supp. 113, it was held that an employer in a given case might, as to his own employees, occupy the position of a third party employer within the statute. The decision was based on the fact that the injury there complained of did not arise out of the particular employment in which both the employee and employer were engaged. But on the facts of the case at bar we find no difficulty in following the rule stated even in the absence of all-four precedents.

2. The further contention of defendant that, though the case comes within the second subdivision of the third party provisions of the act, plaintiff cannot maintain the action, for the reason that the settlement for his injuries with his employer, and the payment of the amount agreed upon, operated by force of the statute to transfer his right of action to his employer. The contention is not sustained. The right of action against the third person not subject to the act is expressly given to the employee, notwithstanding settlement has been made with his employer. The statute is clear on the subject, and a recovery in such an action necessarily will conclude all parties and not expose the third party to a second suit. Such is the rule in practically all of the states having statutory provisions similar to our own. Book v. City of Henderson, 176 Ky. 785, 197 S. W. 449; Gones v. Fisher, 286 Ill. 606, 122 N. E. 95; Rogers v. Illinois Cent. Ry. Co. 210 Ill. App. 577. In Carlson v. Minneapolis St. Ry. Co supra page 129, 173 N. W. 405, the defendant was subject to the

act. The cases cited by defendant from Illinois are not in point, as shown by Gones v. Fisher, supra.

3. The other points made by defendant do not require discussion. We have considered them with care and discover no reason for interference with the verdict. The damages may be large, but the evidence as to the character of the injuries was conflicting, presenting a question for the jury. The trial court has approved the verdict. We find no substantial merit in the claim of misconduct on the part of plaintiff's counsel.

Order affirmed.