Before STATE INDUSTRIAL BOARD, Respondent.

W. C. GRATHWOHL, Respondent, *v.* NASSAU POINT CLUB PROPERTIES, INC., and Another, Appellants.

Third Department, March 3, 1926.

**Workmen's compensation — injury arising out of and in course of employment — claimant was hired to supervise workmen on country estate and was required to use his own automobile — claimant lived at home and kept automobile there during night — injury suffered when cranking automobile in morning while preparing to go to work did not arise out of and in course of claimant's employment.**

The claimant did not suffer an injury arising out of and in the course of his employment, since it appears that he was employed to act as supervisor of workmen on a real estate development, and was required to use his own automobile in his work; that he lived at his home some two miles distant to which he returned every evening, and that he kept the automobile in his own garage during the night and was injured on a certain morning while he was cranking the automobile in preparation to go to his employer's property to commence his day's work.

VAN KIRK and MCCANN, JJ., dissent, with opinion.

APPEAL by Nassau Point Club Properties, Inc., and another from an award of the State Industrial Board, made on the 27th day of March, 1925.

*William B. Davis,* for the appellants.

*Albert Ottinger, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

H. T. KELLOGG, J. The employer was the proprietor of a " real estate development," as the parties have termed it, on Nassau Point, L. I. The development related to a parcel of land containing 500 acres, the greatest dimension of which measured four miles. Four or five men were employed upon the parcel. The claimant had charge of the development and of the men employed. He was required to visit all parts of the property at least once every day. For this purpose he employed his own Ford automobile and furnished the necessary gasoline and oil. The president of the employer has stated that he would not have employed the claimant had he not owned the car; that, in determining claimant's wage, the fact that he owned a car, with which to visit the premises, was taken into consideration. The claimant lived about two miles from the premises, at Peconic, where he had his own garage. He made a practice of driving back and forth between his home and his employer's premises in his Ford automobile. He put up the car, nights, in his own

garage.  One morning while the claimant was cranking the automobile, in his own garage, preparatory to driving to work, the crank " kicked " and injured his wrist.  It is apparent that the claimant would have been in the course of his employment had he been injured while driving his car about his employer's premises to inspect the same.  Again, if the car had been owned by his employer, and the claimant had been required to store it nights in his employer's garage at Peconic, the claimant would have been in the course of his employment while cranking it at such garage to take it to his employer's premises.  Taking his employer's car to his employer's garage at Peconic would have been the business of his employer.  Taking his own car to his own garage at the same place was an entirely different matter.  It was so taken by him on the night prior to the accident that he might eat, sleep and rest at home, or otherwise divert himself.  That was his own personal business.  Because he had thus used it for personal business it was necessary in the morning to crank it and drive it to his employer's premises.  That also was his personal business. If the claimant had been injured while walking to or from his employer's premises it is certain that he would not then have been in the course of his employment.  It can make no difference that in the instance under consideration he was about to journey to his master's premises upon fast revolving wheels rather than upon his feet.  It seems to me that the claimant was not in the course of his employment when he was accidentally injured.

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

All concur, except VAN KIRK, J., dissenting, with an opinion, in which McCANN, J., concurs.

VAN KIRK, J. (dissenting).  The real question is whether or not claimant's employment continued during transportation to and from his work.  This depends upon whether or not, by the contract of hiring, it was so stipulated " positively or inferentially." (*Matter of Kowalek* v. *N. Y. Cons. R. R. Co.*, 229 N. Y. 489, 493.)  There was no such positive stipulation, but there is, in my view, evidence from which it may be found that inferentially it was so stipulated in the contract of hiring.  While eight hours constituted a day for the men working upon the property, claimant was not an eight-hour man.  He was not only foreman; he also was watchman and was required on call to go to the premises at any time, Sunday or day or night, if any occasion required it.  He was paid $125 per month.  His general duties were to take care of the property, to take care of the fires, to see that they were put out, to look after

the house; there was a hotel on the premises. He lived four miles from the hotel and there was no other means of conveyance to get there except by automobile; in performing his duties he covered a great deal of ground and he could not perform his work efficiently without an automobile. The president of the employer testified: " Q. Was he made any allowance by the Nassau Point Club for the use of his automobile? A. No; that was included in his wages. I knew when we employed him that he had an automobile. Frankly, there was nothing definitely stated about having him come in with an automobile; I knew he had one. That was taken into consideration. * * * Q. Was there any allowance made in his wages for the use of that automobile? A. No; except that it was taken into consideration, in giving him a salary. Q. Did he receive less money than if he didn't own an automobile, or more? A. It wouldn't have been practical at all to have him without an automobile. * * * Q. You say that you knew that he had a car — if you knew that he had a car, what bearing had that upon his employment with your company? A. Why, it shows that he could go on the property, get there within reasonable hour and come over any time." Sometimes he did work for his employer before he arrived at the property in getting materials, but it was not known that he had any such duty on the morning of the accident. " Q. You stated here that you paid him a salary of $125.00 on consideration because he had a car — suppose he had no car, what would you have paid him? A. I would not have employed him at all. Q. Did he use the car on your property? A. Yes. Q. Did he go around in it? A. Yes. Q. Did you make any allowance, plus salary? A. That was included in his wages — that was taken into consideration. Q. What would his salary have been, exclusive of this consideration, that you might have allowed him? A. I should say that having a car was worth $25.00 a month."

If these matters, which were known to the parties and were taken into consideration when claimant was hired, had been expressed in words, there could be no question but that his transportation by his automobile to and from his work was within his employment. Though not so stipulated in words, it seems to me that, within the intent and meaning of the parties, it was in fact so stipulated. It was not a matter of indifference to his employer whether he went to and from his home in his automobile or on foot; it was to the employer's direct interest that he should go back and forth in his car, in order that, among other things, when called he could go quickly. It was not stipulated that he should go over the property from place to place by automobile, but it was so intended and, if he had been injured in so doing, although he

might have walked, he would have been in the course of his employment.

In *Gibbs* v. *Macy & Co., Inc.* (214 App. Div. 335; affd., 242 N. Y. ——) a woman was employed to work in a store. She was called to court out of her regular working hours and went from her home to the court to give testimony against a person charged with theft in the store. While returning from court to her home she was injured in the public street and we held that her injuries arose out of and in the course of her employment, although the service which she was performing was not stipulated in her contract, except by inference.

It seems to me the award in this case should be affirmed.

McCANN, J., concurs.

Award reversed and claim dismissed, with costs against the State Industrial Board.