## INDEMNITY INS. CO. OF NORTH AMERICA v. HOAGE, Deputy Com'r (VOEHL, Intervener).

### No. 5435.

Court of Appeals of the District of Columbia.

Argued April 7, 1932.

Decided May 9, 1932.

Rehearing Denied May 27, 1932.

G. Bowdoin Craighill, Charles B. Tebbs, and Frank H. Myers, of Washington, D. C., for appellant.

Leo A. Rover, John J. Wilson, and Israel J. Mendelson, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is from a decree of the Supreme Court of the District of Columbia dismissing a bill in equity filed by appellant insurance company to enjoin the enforcement of a compensation award made by defendant, Deputy Commissioner Hoage, in favor of Karl F. Voehl, an employee of the National Electric Supply Company, which company carried compensation insurance with the plaintiff corporation.

It appears that, while Voehl was driving his own automobile from his home in Maryland to his employer's warehouse in Washington, the automobile overturned as the result of a defect in the steering gear, causing the injuries complained of. The accident occurred on Sunday, April 6, 1930, at a point between Voehl's residence and his place of employment.

It further appears, from the evidence, that on the morning of the accident Voehl, in company with his brother-in-law, was on the way from his home to the warehouse of his employer to get a load of ashes which they planned to dump in a mudhole in the road near Voehl's residence. The evidence discloses beyond dispute that the main object of the trip was to obtain the load of ashes. It is, however, claimed by Voehl that it was his intention when he reached the warehouse to clean up some trash which had accumulated there. It is conceded, however, that this was not part of Voehl's duties. He was "Head of the products division," which involved the management of the warehouse, supervising the unloading of refrigerators at the warehouse, unpacking, delivering, and installing them in customers' homes, and the keeping of the buildings in order with special reference to the observance of the fire regulations. He was also "Service manager," in charge of the company's twenty-four hour a day service on refrigerators in customers' homes. He had from eight to twelve men under him at

the warehouse, and two service men to take care of calls. Voehl's regular hours were from 7:30 a. m. to 5:30 p. m., with an hour off for lunch. To take care of service calls, the company had installed in his home a telephone, and, when a call came from a customer after regular store hours, it was relayed to Voehl's home. Voehl would either take care of the call personally or instruct one of the service men to do so.

In attendance on service calls outside of regular hours, Voehl was allowed overtime pay from the time he left his home until his return, and, if he used his own automobile, he was allowed five cents per mile. No allowance was made for his automobile in going to and from work during the week days. If he deemed it necessary to go to the warehouse on Sunday, he was not required to obtain special authority to do so, and, when he made such a trip, if in connection with his work and in the interest of his employer, he would receive overtime pay and his mileage for use of the automobile.

Voehl was awarded compensation by Deputy Commissioner Hoage under the provisions of the Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, 44 Stat. 1424 (33 USCA §§ 901–950) made applicable to the District of Columbia by the act of Congress of May 17, 1928, 45 Stats. 600 (D. C. Code 1929, T. 19, §§ 11, 12, 33 USCA § 901 note). The bill for injunction in this case was filed under the provisions of section 21 of the Compensation Act (33 USCA § 921) on the ground that the claim does not come within the provisions of the Compensation Act, averring that the Commissioner's finding is "not in accordance with law," and is contrary to the evidence presented at the hearing. The sole question before the court, therefore, is whether or not Voehl's injury arose out of and in the course of his employment.

It is urged by counsel for appellee that the findings of the Deputy Commissioner are not subject to review by the courts where there is a conflict in the testimony—in other words, that, while the courts may review the Commissioner's conclusions of law, they may not set aside his findings of fact merely because they might disagree with his conclusions. Section 20 of the Compensation Act (33 USCA § 920) provides: "In any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary—(a) That the claim comes within the provisions of this chapter."

This statutory presumption, however, furnishes merely a basis for proof and not a substitute therefor. It does not shift the burden of proof from the claimant to prove by substantial evidence that the injury arose out of and in the course of his employment. To determine whether or not the Commissioner's conclusions of law are correct, it is necessary for the court to ascertain whether they are supported by sufficient evidence. An order based upon insufficient evidence is an order contrary to law, and to determine this question a review of the evidence becomes essential. As was said in Interstate Commerce Commission v. Louisville & Nashville R. Co., 227 U. S. 88, 92, 33 S. Ct. 185, 187, 57 L. Ed. 431, "the legal effect of evidence is a question of law. A finding without evidence is beyond the power of the Commission. An order based thereon is contrary to law, and must, in the language of the statute, be 'set aside by a court of competent jurisdiction.'"

In determining whether the evidence is sufficient to support the award in this case, we are confronted with the general rule applicable in compensation cases "that an injury suffered by an employee in going to or returning from the employer's premises where the work of his employment is carried on, except in special instances not here involved, does not arise out of his employment as to entitle him to compensation." Podgorski v. Kerwin, 144 Minn. 313, 175 N. W. 694, 695; Nesbitt v. Twin City Forge & Foundry Co., 145 Minn. 286, 177 N. W. 131, 10 A. L. R. 165.

As suggested in the Minnesota cases, there are exceptions to this general rule. A common exception is where the employee is injured in and about the employer's premises or immediately adjacent thereto where the injury occurs while defendant is immediately approaching or coming upon the employer's premises. Cudahy Packing Co. v. Parramore, 263 U. S. 418, 44 S. Ct. 153, 68 L. Ed. 366, 30 A. L. R. 532. The instant case does not belong within this exception, since the accident occurred several miles from Voehl's place of employment.

Another exception is where the employer furnishes transportation to his employees and an injury is suffered by the employee in going to or from his work in the vehicle furnished by the employer and under his control. This exception, however, does not apply to a case where the employee uses his own automobile, even though he may be paid by his employer for its use. Grathwold v.

Nassau Point Club, 216 App. Div. 107, 214 N. Y. S. 496; Id., 243 N. Y. 567, 154 N. E. 608; Artmeyer v. Mason, 220 App. Div. 787, 222 N. Y. S. 765. Another exception would arise where Voehl outside of his regular hours was called upon as service manager to take care of a service call for a customer. This exception does not apply here, since Voehl was not engaged in that sort of service when the accident occurred.

█ The evidence clearly established, we think, that the purpose of the trip on the Sunday morning of the accident was to procure a load of ashes for Voehl's personal use, and that, if in fact he intended to remove some trash, this was merely incidental to the general purpose for which the trip was made. Voehl at the time and place of the injury was not performing any duty in the course of his employment. The cause of the accident was a defect in his own automobile over which the employer had no control and in which he was driving at the time without any order from his employer.

In McNicol's Case, 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A, 306, Chief Justice Rugg in an able opinion said: "In order that there may be recovery the injury must both arise out of and also be received in the course of the employment. Neither alone is enough. * * * It is sufficient to say that an injury is received 'in the course of' the employment when it comes while the workman is doing the duty which he is employed to perform. It arises 'out of' the employment, when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant."

Here there is no causal connection whatever between any duty which Voehl was re-quired to perform and the resulting injury. The accident was in no sense a natural incident of the work or the duties imposed upon Voehl; neither did it arise out of the nature or character of his employment. To sustain the present case would amount to making the employer an insurer against all accident to his employees. To an employee injured as was Voehl in this case there is strong inducement to claim that he was on his way to perform some service incidental to his employment, but the claim advanced is in fact totally foreign to the motive which prompted the trip. In this instance the proximate cause of the accident is too remote to bring the case within the provisions of the Compensation Act.

The decree is reversed, with costs.