In the Matter of the Claim of WILLIAM E. MADELUNG, Respondent, against DALE RADIO COMPANY, INC., and (AMERICAN) LUMBERMEN'S MUTUAL CASUALTY

COMPANY OF ILLINOIS, Appellants. STATE INDUSTRIAL BOARD, Respondent.— The claimant was a traveling salesman. He was employed by the Dale Radio Company, Inc., and was assigned to a territory covering Westchester county, New York, and the State of Connecticut. To perform his duties for his employer it was necessary for the claimant to own and use an automobile. His salary in connection with his work included reimbursements for the use of his car in covering the territory. On January 27, 1939, the claimant in preparation for his tour of his territory had sent out postal cards and arranged appointments, and he had also made arrangements over the telephone to meet a customer that morning a short distance from his home and to make the first stop at the customer's store. The claimant went to his car to start his day's work in the automobile. He was unable to start the motor due to the cold. He continued his efforts to start it for three-quarters of an hour and then, while cranking the car, he broke a bone in his right wrist. The injury caused the disability which is the basis of the award. The automobile was part of the claimant's employment, his work could not be done without it. The claimant's duties commenced when he left his living quarters and got to the place where his automobile was and began to prepare his automobile for his trip. The appellant seems to rely upon the case of *Grathwohl* v. *Nassau Point Club Properties, Inc.* (216 App. Div. 107; affd., 243 N. Y. 567). That case is distinguishable from this because in that case the court treated the claimant and classified him as a plant worker, while in this case there is no question but the claimant is a traveling salesman and his services commenced as soon as he began to prepare his automobile for the day's business, and it does not matter whether that automobile was in the highway or in the claimant's garage, it was part of his employment. Award affirmed, with costs to the State Industrial Board. Crapser, Schenck and Foster, JJ., concur; Hill, P. J., and Bliss, J., dissent on the authority of *Grathwohl* v. *Nassau Point Club Properties, Inc.* (243 N. Y. 567) and *Tafft* v. *Stafford* (266 id. 555).