CHARLES E. WARNER v. J. HERMAN LEDER.

(Filed 1 February, 1952.)

**1. Master and Servant § 41—**

An employee riding in a car driven by the president and executive officer of the employer on a business trip in the course of their employment may not hold the driver liable as a third person tort-feasor in an action at common law for negligence resulting in an unintentional injury in a collision, since such driver is a person conducting the business of the employer within the purview of the immunity clause of G.S. 97-9.

**2. Same—**

While an employer or an employee conducting the business of the employer may be held liable at common law where injury to claimant employee is willfully and wantonly inflicted, claimant employee may not assert liability under this exception to the general rule when he admits that his injury was not intentionally inflicted.

**3. Same—**

　　While an employer or an employee conducting the business of the employer may be held liable at common law where injury to claimant employee is willfully and wantonly inflicted, claimant employee may not assert liability under this exception to the general rule when he has applied for and received medical expenses and compensation in accordance with the provisions of the North Carolina Workmen's Compensation Act.

APPEAL by defendant from *Burney, J.,* at March Term, 1951, of Columbus.

This is a civil action, instituted on 1 April, 1950, to recover for personal injuries which the plaintiff alleges he sustained in an automobile collision, which occurred in the State of South Carolina, as a result of the negligence of the defendant.

The facts pertinent to the appeal are as follows:

1. The plaintiff is and was at the time of the collision an employee and manager of the shoe department in the Whiteville, North Carolina, department store owned and operated by Leder Brothers, Inc., a North Carolina corporation which owns and operates twelve department stores.

2. The defendant, J. Herman Leder, is and was at the time of the collision, the president and executive officer of the corporation. Kenneth Anderson, the other occupant of the automobile with the plaintiff and the defendant, at the time of the collision, was likewise an employee of Leder Brothers, Inc.

3. At the time of the accident complained of, the defendant, J. Herman Leder, the plaintiff, Charles E. Warner, and Kenneth Anderson were en route to Augusta, Georgia, to purchase shoes for Leder Brothers, Inc., at the Southeastern Shoe Show which opened in Augusta on the day of the accident. The sole reason for making the trip to Augusta was to attend the Shoe Convention and to purchase shoes. It was a customary business trip for both the plaintiff and the defendant on behalf of Leder Brothers, Inc. The car of the defendant had been used frequently on similar trips, and the corporation paid all the expenses on such trips, including mileage for the use of the car.

4. The defendant was driving his car, according to the plaintiff's testimony, at the time of the accident, at an excessive and unlawful rate of speed. According to the evidence of the defendant, he was driving his car at a rapid but safe speed, when the driver of a car he was approaching turned suddenly to the left across the road in front of him to enter what is known as Edna's Place, which establishment is located about two miles north of Marion, South Carolina, on U. S. Highway No. 76. The cars collided resulting in serious and permanent injury to the plaintiff.

5. Leder Brothers, Inc., and its employees were subject to and bound by the provisions of the North Carolina Workmen's Compensation Act.

6. It is conceded that the plaintiff's injury arose out of and in the course of his employment by Leder Brothers, Inc., and that the plaintiff filed claim for and was paid medical expenses and compensation for temporary total disability, and for permanent partial disability by Lumbermens Mutual Casualty Co., the insurance carrier for said corporation, in accordance with the provisions of the North Carolina Workmen's Compensation Act.

7. The defendant denied negligence and pleaded his immunity to suit and his nonliability under the provisions of the North Carolina Workmen's Compensation Act, and particularly under G.S. 97, sections 9 and 10 thereof.

8. It was admitted by the plaintiff and the defendant that the defendant did not intentionally injure the plaintiff, and the court so charged the jury.

9. The defendant offered in evidence the guest statute of the State of South Carolina, South Carolina Code of 1932, section 5908, as set forth in the case of *Peak v. Fripp*, 195 S.C. 324, 11 S.E. 2d 383, but the court submitted to the jury the usual issues of negligence and damages. The jury answered the issue of negligence in favor of the plaintiff, and assessed damages in the sum of $40,000.

From the judgment entered on the verdict, the defendant appeals, and assigns error.

*Powell, Lee & Lee for plaintiff, appellee.*
*Edward K. Proctor, Helms & Mulliss, and James B. McMillan for defendant, appellant.*

DENNY, J. The defendant presents for our consideration twenty-three exceptions and assignments of error. However, if his plea of immunity under the provisions of the North Carolina Workmen's Compensation Act, G.S. 97-9, is valid, the court below committed error in not sustaining his motion for judgment as of nonsuit, interposed at the close of plaintiff's evidence and renewed at the close of all the evidence. And since this plea, if sustained, will determine the appeal, we shall first consider the merits of such plea.

The plaintiff contends that the defendant is a third party within the meaning of G.S. 97-10, while the defendant contends he is immune from common law liability, since at the time of plaintiff's injury, he was on a business mission for the employer and that G.S. 97-9 limits the liability of the employer "or those conducting his business" to the payment only of such sum or sums as may be authorized under the provisions of the Workmen's Compensation Act.

G.S. 97-9 reads as follows: "Every employer who accepts the compensation provisions of this article shall secure the payment of compensation

to his employees in the manner hereinafter provided; and while such security remains in force, he or those conducting his business shall only be liable to any employee who elects to come under this article for personal injury or death by accident to the extent and in the manner herein specified."

The pertinent provisions of G.S. 97-10 are as follows: "The rights and remedies herein granted to an employee where he and his employer have accepted the provisions of this article, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin, as against his employer at common law, or otherwise, on account of such injury, loss of service, or death: Provided, however, that in any case where such employee, his personal representative, or other person may have a right to recover damages for such injury, loss of service, or death from any person other than the employer, compensation shall be paid in accordance with the provisions of this chapter . . ."

We find a diversity of opinion with respect to the remedies against third parties for injuries to employees who are subject to the provisions of compensation acts due to the variances in such provisions. 58 Am. Jur., Workmen's Compensation, section 60, page 616. In such acts where there is no immunity clause, such as we have in G.S. 97-9, fellow workmen are generally treated as third parties within the meaning of the act. See Anno. 106 A.L.R. 1059.

However, with the exception of the decisions in *Tscheiller v. Weaving Co.,* 214 N.C. 449, 199 S.E. 623, and *McCune v. Manufacturing Co.,* 217 N.C. 351, 8 S.E. 2d 219, we find no decision in this or any other jurisdiction where, under an immunity clause similar to that contained in G.S. 97-9, it has been held that an injured employee may maintain an action at common law against a fellow employee who was responsible for his injury.

In the *Tscheiller case,* while the motion was made to dismiss the action on the ground that all the parties thereto were bound by the provisions of the Workmen's Compensation Act, the immunity provision in the statute with respect to the individual defendant was not raised. Neither was it raised in the *McCune case* where the court entered a judgment of involuntary nonsuit as to the defendant corporation and the plaintiff submitted to a voluntary nonsuit as to the individual defendant.

But, in the case of *Essick v. Lexington, et als.,* 232 N.C. 200, 60 S.E. 2d 106, the provision giving immunity to the employer "or those conducting his business," contained in G.S. 97-9, where the employer had accepted the provisions of the Workmen's Compensation Act, was expressly presented for construction by this Court. Harvey Essick, the plaintiff's intestate, at the time of his death, was employed as a carpenter by Dixie

Furniture Co. He was killed by coming in contact with a high voltage electric wire maintained by the defendant Lexington Utilities Commission, while working on the roof of a tramway running across South Salisbury Street in the City of Lexington. After the institution of the action against the City of Lexington and Lexington Utilities Commission, the Lexington Utilities Commission moved to have Dixie Furniture Co., H. T. Link, its treasurer, and A. F. Taylor, superintendent of its plant, made parties defendant. The motion was allowed. Whereupon, in a cross action filed by the Lexington Utilities Commission, it was alleged that the codefendants Dixie Furniture Co., H. T. Link, and A. F. Taylor, were guilty of primary negligence which was the proximate cause of the death of plaintiff's intestate, in that they ordered the construction of a roof over the tramway in willful disregard of the terms of their application to and permit obtained from the City of Lexington.

The defendants demurred *ore tenus* to the cross action of the Lexington Utilities Commission against them on the ground that it appears on the face of the record that the Dixie Furniture Co., and its employees, had accepted the provisions of the North Carolina Workmen's Compensation Act and were bound thereby and that the plaintiff had been paid in full pursuant to the provisions of the act. This Court held the *Tscheiller* and *McCune cases* were not controlling, and that: "Link, as treasurer, and Taylor as superintendent of the plant, were clearly within the pale of (G.S.) 97-9, as those who conduct the business and entitled to the immunity it gives." Whereupon, the Court directed a dismissal of the action as to the Dixie Furniture Co., H. T. Link, and A. F. Taylor.

In the case of *Bass v. Ingold*, 232 N.C. 295, 60 S.E. 2d 114, Lewis Bass brought an action for alleged injuries sustained as the result of a collision of a car driven by Bryan A. Dixon, in which he was a passenger, with that of the defendant, J. W. Weaver, driven by James A. Ingold. The plaintiff alleged that his personal injuries were proximately caused by the negligence of the defendant Ingold.

The car being driven by Bryan A. Dixon was owned by Westinghouse Electric Corporation, and was being operated in the course and scope of the employment of the plaintiff and Bryan A. Dixon. The car of the defendant, J. W. Weaver, at the time of the collision, was being operated by James A. Ingold as a duly authorized agent of Weaver and in the scope of his employment. The defendants Ingold and Weaver sought to bring in Dixon and the Westinghouse Electric Corporation as additional defendants for contribution as joint tort-feasors under G.S. 1-240.

The Westinghouse Electric Corporation made a special appearance and moved to dismiss, as to it, the cross action of the original defendants on the grounds that the rights and obligations of the plaintiff and the corporation arose out of and were exclusively controlled and defined by the

Workmen's Compensation Act (G.S. Ch. 97), such act being exclusive of all other rights and remedies between the plaintiff and the corporation; that plaintiff had made claim for compensation in accordance with the provisions of the Workmen's Compensation Act and that such compensation was duly paid after approval by the Industrial Commission; and that the corporation was not and could not be a joint tort-feasor with the original defendants within the meaning of G.S. 1-240. The motion was sustained and no appeal taken from the order sustaining the motion.

The additional defendant, Bryan A. Dixon, demurred to the answer and cross-action of the original defendants. The court overruled the demurrer and upon appeal to this Court the ruling was reversed on authority of *Essick v. Lexington, et als., supra.*

The decisions of this Court, in the *Essick* and *Bass cases,* are in accord with numerous decisions, in other jurisdictions, to the effect that an employee, subject to the provisions of a Workmen's Compensation Act, whose injury arose out of and in the course of his employment, cannot maintain an action at common law against his co-employee whose negligence caused the injury. *Cunningham v. Metzger,* 258 Ill. App. 150; *Bresnahan v. Barre,* 286 Mass. 593, 190 N.E. 815; *Caira v. Caira,* 296 Mass. 448, 6 N.E. 2d 431; *Murphy v. Miettinen,* 317 Mass. 633, 59 N.E. 2d 252; *Behan v. Maleady,* 249 App. Div. 912, 292 N.Y.S. 540; *Schwartz v. Forty-Second St., M. & St. N. Ave. Ry.,* 175 Misc. 49, 22 N.Y.S. 2d 752; *Pantolo v. Lane,* 185 Misc. 221, 56 N.Y.S. 2d 227; *Landrum v. Middaugh,* 117 Ohio 608, 160 N.E. 691; *Rosenberger v. L'Archer* (Ohio App.), 31 N.E. 2d 700; *Kowcun v. Bybee,* 182 Or. 271, 186 Pac. 2d 790; *Feitig v. Chalkley,* 185 Va. 96, 38 S.E. 2d 73; *Peet v. Mills,* 76 Wash. 437, 136 Pac. 685, L.R.A. 1916A 358, Ann. Cas. 1915D, 154.

We hold that an officer or agent of a corporation who is acting within the scope of his authority for and on behalf of the corporation, and whose acts are such as to render the corporation liable therefor, is among those conducting the business of the corporation, within the purview of G.S. 97-9, and entitled to the immunity it gives; *Essick v. Lexington, et als., supra; Peet v. Mills, supra; Hade v. Simmons,* 132 Minn. 344, 157 N.W. 506; *Rosenberger v. L'Archer, supra;* and that the provision in G.S. 97-10 which gives the injured employee or his personal representative "a right to recover damages for such injury, loss of service, or death from any person other than the employer," means any other person or party who is a stranger to the employment but whose negligence contributed to the injury. And we further hold that such provision does not authorize the injured employee to maintain an action at common law against those conducting the business of the employer whose negligence caused the injury. To hold otherwise would, in a large measure, defeat the very purposes for which our Workmen's Compensation Act was enacted. In-

stead of transferring from the worker to the industry, or business in which he is employed, and ultimately to the consuming public, a greater proportion of the economic loss due to accidents sustained by him arising out of and in the course of his employment, we would, under the provisions for subrogation contained in our Workmen's Compensation Act, G.S. 97-10, transfer this burden to those conducting the business of the employer to the extent of their solvency. The Legislature never intended that officers, agents, and employees conducting the business of the employer, should so underwrite this economic loss.

The plaintiff is relying on the cases of *Tscheiller v. Weaving Co., supra; McCune v. Manufacturing Co., supra;* and *Morrow v. Hume,* 131 Ohio St. 319, 3 N.E. 2d 39.

As to the *Tscheiller* and *McCune cases,* in so far as they are in conflict with the opinions in *Essick v. Lexington, et als., supra; Bass v. Ingold, supra;* and this decision, they are to such extent modified. And while it is true, as contended by the plaintiff, that the facts in the case of *Morrow v. Hume, supra,* are similar to those presented on this record, it must be kept in mind that the compensation law of Ohio contains no immunity clause similar to that contained in G.S. 97-9 of our act. The Workmen's Compensation Law of Ohio, by Adams and Edwards (1930); Workmen's Compensation Statutes, Schneider, Volume 4, section 1465-70, page 3021; *Feitig v. Chalkley, supra.*

The plaintiff insists, however, that should the Court decide that the *Tscheiller* and *McCune cases* are not controlling, and that G.S. 97-9 precludes a common law action against the defendant; such action is maintainable under the exception that an employer may be sued at common law where he has been guilty of willful and wanton conduct. Therefore, he contends that the conduct of the defendant Leder was such as to bring him within this exception.

There are two reasons why this contention is not maintainable in the present action. First, it was admitted in the trial below that the defendant did not intentionally injure the plaintiff. And, in the second place, it is admitted that the plaintiff has applied for and received medical expenses and compensation for temporary total disability, and for permanent partial disability, in accordance with the provisions of the North Carolina Workmen's Compensation Act. The acceptance of benefits under the act forecloses the right of the employee to maintain a common law action, under the exception pointed out, against the employer "or those conducting his business."

The general rule in this respect is given by Horovitz, "Injury and Death Under Workmen's Compensation Laws," page 336, as follows: "Where the employer is guilty of felonious or willful assault on an employee he cannot relegate him to the compensation act for recovery. It

would be against sound reason to allow the employer deliberately to batter his helper, and then compel the worker to accept moderate workmen's compensation benefits, either from his insurance carrier or from himself as self-insurer. The weight of authority gives the employee the choice of suing the employer at common law or accepting compensation." *Essick v. Lexington, et als., supra.*

Applying the applicable statutes and decisions to the facts disclosed on this record, we hold that the court below should have sustained the plaintiff's motion for judgment as of nonsuit. It follows, therefore, that the other questions raised and argued in the briefs, will not be considered.

The judgment of the court below is

Reversed.