## 16683

NOLAN v. DALEY

(73 S. E. (2d) 449)

408

*Mr. Edward E. Saleeby,* of Hartsville, *for Appellant,*

*Messrs. James P. Mozingo, III, F. Turner Clayton, Benny R. Greer, John L. Nettles,* all of Darlington, *for Respondent,*

*Messrs. Willcox, Hardee, Houck & Palmer,* of Florence, *for Amici Curiae,*

Mr. *James P. Mozingo, III,* of Darlington, *for Respondent, in Reply.*

November 12, 1952.

BAKER, Chief Justice.

This action involves the right of an employee to sue another employee of an employer, subject to the provisions of the Workmen's Compensation Law of South Carolina, Code 1942 § 7035-1 *et seq.,* for alleged wrongful acts of said employee in the performance of duties for their employer. The respondent, an employee of Consumer's Brick Yard, was seriously burned and permanently injured when the boom of a crane operated by the appellant, another employee, came in contact with a high voltage electric line on the premises of the employer. While it is not made to appear in the complaint, answer or the order from which the appeal was taken, it appears in the "Statement" in the transcript of record that the respondent has already collected his Workmen's Compensation claim from the employer.

Respondent's complaint is for damages in the amount of Twenty Thousand ($20,000.00) Dollars, and for declaratory judgment, under Section 850-1, Code of 1942, as amended in 1948, Act April 7, 1948, 45 St. at Large, p. 2014, to the effect that, although both he and the appellant were working for an employer covered by the Workmen's Compensation Law of this State, he is entitled to sue and recover damages at common law from the appellant by reason of the alleged negligent and wilful acts of the appellant.

The appellant filed his answer admitting that respondent and he were employees of Consumer's Brick Yard; that they were engaged in unloading a car of coal, and a crane was being used for that purpose; denied the alleged wrongful acts on his part, and admitted respondent's right to a declaratory judgment, but claiming that respondent has no valid cause of action against him, and that it should be so declared by virtue of Sections 7035-10 and 7035-11 of the Code.

An order was made by the Circuit Judge to the effect that respondent was not precluded by Section 7035-10 of the Law from suing the appellant; and permitting the respondent to proceed with his action for damages. This appeal followed.

Prior to entering upon a discussion of the issue before this Court, we deem it proper to state that counsel for Carolina Power & Light Company, owner of the electric line referred to in the complaint were, by order of this Court, permitted to file a brief and make an argument as *amici curiae*. It appears in their motion to dismiss that the appellant was the foreman, and not merely a fellow servant of respondent, but in the view that we take of the case, this is not material. It was also called to our attention that the Circuit Court of Appeals for the Fourth Circuit has construed the aforementioned section of our Workmen's Compensation Law. Since we are in accord with that Court's construction thereof, we will make no further reference thereto except to cite the opinion. See *Burns v. Carolina Power & Light Company*, 193 F. (2d) 525.

We shall confine ourselves to a consideration of the pertinent section, 7035-10, Code of 1942, of our Workmen's Compensation Law, which reads as follow:

"Every employer who accepts the compensation provisions of this article shall secure the payment of compensation to his employees in the manner hereinafter provided; and while such security remains in force, he or those con-

ducting his business shall only be liable to any employee who elects to come under this article for personal injury or death by accident to the extent and in the manner herein specified."

The particular language in this section to which our attention is directed is that which limits recovery by an employee from an employer covered under the Law, "or those conducting his business" to compensation provided by the Act. Does the phrase "those conducting his (employer's) business" preclude a covered employee from suing another employee for injuries growing out of and in the course of the employer's business? Or adopting the "Question Involved" as stated by appellant and respondent in their respective briefs, "Does the phrase 'or those conducting his business' as used in Section 7035-10 of the South Carolina Workmen's Compensation Law bar common law actions by an employee against a fellow employee as a negligent third party?"

There is a wide variance in the provisions of the Compensation Acts of the several states. The South Carolina Act is the same as the North Carolina Act in so far as the provision here involved is concerned. The Virginia Act also contains the same provision. While this Court is in no sense bound by the construction of similar Acts by the courts of another state, we may well be moved to adopt the construction placed upon such Acts by such courts when we are impressed with the logic and reasonableness of their conclusions, especially when, as here, this Court has not construed same. And, as stated in *McDowell v. Stilley Plywood Co.,* 210 S. C. 173, 181, 41 S. E. (2d) 872, 876, "Our Workmen's Compensation Act having been fashioned to the North Carolina Workmen's Compensation Act, and practically a copy thereof, the opinions of the Supreme Court of that State construing such Act are entitled to great respect." Because the opinion so effectively deals with the contentions raised by the parties to this action, as well as with its own prior decisions, and the decisions of

other states, involving similar and dissimilar Acts, we quote at great length from the very recent decision (1952) of the Supreme Court of North Carolina, in the case of *Warner v. Leder*, 234 N. C. 727, 69 S. E. (2d) 6, 8, as follows:

"We find a diversity of opinion with respect to the remedies against third parties for injuries to employees who are subject to the provisions of compensation acts due to the variances in such provisions. 58 Am. Jur., Workmen's Compensation, section 60, page 616. In such acts where there is no immunity clause, such as we have in G. S. § 97-9, fellow workmen are generally treated as third parties within the meaning of the act. See Anno. 106 A. L. R. 1059.

"However, with the exception of the decisions in *Tscheiller v. National Weaving Co.*, 214 N. C. 449, 199 S. E. 623, and *McCune v. Rhodes-Rhyne Manufacturing Co.*, 217 N. C. 351, 8 S. E. (2d) 219, we find no decision in this or any other jurisdiction where, under an immunity clause similar to that contained in G. S. § 97-9, it has been held that an injured employee may maintain an action at common law against a fellow employee who was responsible for his injury.

"In the *Tscheiller case*, while the motion was made to dismiss the action on the ground that all the parties thereto were bound by the provisions of the Workmen's Compensation Act, the immunity provision in the statute with respect to the individual defendant was not raised. Neither was it raised in the *McCune case* where the court entered a judgment of involuntary nonsuit as to the defendant corporation and the plaintiff submitted to a voluntary nonsuit as to the individual defendant.

"But, in the case of *Essick v. City of Lexington*, 232 N. C. 200, 60 S. E. (2d) 106, the provision giving immunity to the employer 'or those conducting his business', contained in G. S. § 97-9, where the employer had accepted the provisions of the Workmen's Compensation Act, was expressly presented for construction by this Court.

\* \* \*

"The decisions of this Court, in the *Essick* and *Bass cases,* are in accord with numerous decisions, in other jurisdictions, to the effect that an employee, subject to the provisions of a Workmen's Compensation Act, whose injury arose out of and in the course of his employment, cannot maintain an action at common law against his co-employee whose negligence caused the injury. *Cunningham v. Metzger,* 258 Ill. App. 150; *Bresnahan v. Barre,* 286 Mass. 593, 190 N. E. 815; *Caira v. Caira,* 296 Mass. 448, 6 N. E. (2d) 431; *Murphy v. Miettinen,* 317 Mass. 633, 59 N. E. (2d) 252; *Behan v. Maleady,* 249 App. Div. 912, 292 N. Y. S. 540; *Schwartz v. Forty-Second Street, Manhattanville & St. Nicholas Ave. Ry. Co.,* 175 Misc. 49, 22 N. Y. S. (2d) 752; *Pantolo v. Lane,* 185 Misc. 221, 56 N. Y. S. (2d) 227; *Landrum v. Middaugh,* 117 Ohio St. 608, 160 N. E. 691; *Rosenberger v. L'Archer,* Ohio App., 31 N. E. (2d) 700; *Kowcun v. Bybee,* 182 Or. 271, 186 P. (2d) 790; *Feitig v. Chalkley,* 185 Va. 96, 38 S. E. (2d) 73; *Peet v. Mills,* 76 Wash., 437, 136 P. 685, L. R. A. 1916A, 358, Ann. Cas. 1915D, 154.

"We hold that an officer or agent of a corporation who is acting within the scope of his authority for and on behalf of the corporation, and whose acts are such as to render the corporation liable therefor, is among those conducting the business of the corporation, within the purview of G. S. § 97-9, and entitled to the immunity it gives; *Essick v. City of Lexington, supra; Peet v. Mills, supra; Hade v. Simmons,* 132 Minn. 344, 157 N. W. 506; *Rosenberger v. L'Archer, supra;* and that the provision in G. S. § 97-10 which gives the injured employee or his personal representative 'a right to recover damages for such injury, loss of service, or death from any person other than the employer,' means any other person or party who is a stranger to the employment but whose negligence contributed to the injury. And we further hold that such provision does not authorize the injured employee to maintain an action at common law against those conducting the business of the employer whose

negligence caused the injury. To hold otherwise would, in a large measure, defeat the very purposes for which our Workmen's Compensation Act was enacted. Instead of transferring from the worker to the industry, or business in which he is employed, and ultimately to the consuming public, a greater proportion of the economic loss due to accidents sustained by him arising out of and in the course of his employment, we would, under the provisions for subrogation contained in our Workmen's Compensation Act, G. S. § 97-10, transfer this burden to those conducting the business of the employer to the extent of their solvency. The legislature never intended that officers, agents, and employees conducting the business of the employer, should so underwrite this economic loss.

"The plaintiff is relying on the cases of *Tscheiller v. National Weaving Co., supra; McCune v. Rhodes-Rhyne Manufacturing Co., supra;* and *Morrow v. Hume,* 131 Ohio St. 319, 3 N. E. (2d) 39.

"As to the *Tscheiller* and *McCune cases,* in so far as they are in conflict with the opinions in *Essick v. City of Lexington, supra; Bass v. Ingold, supra;* and this decision, they are to such extent modified. And while it is true, as contended by the plaintiff, that the facts in the case of *Morrow v. Hume, supra,* are similar to those presented on this record, it must be kept in mind that the compensation law of Ohio contains no immunity clause similar to that contained in G. S. § 97-9 of our act. The Workmen's Compensation Law of Ohio, by Adams and Edwards (1930); Workmen's Compensation Statutes, Schneider, Volume 4, section 1465-70, page 3021; *Feitig v. Chalkley, supra.*"

We find ourselves in accord with the interpretation by the North Carolina Court of the provisions of its Act, as applied to the same language in our Law, and conclude that the language "those conducting his (the employer's) business" should be construed to include any person who, as an employee of a covered employer, was performing any work incident to the employer's business, re-

gardless of whether employed in a menial, supervisory or managerial capacity. See also, *Essick v. City of Lexington,* 232 N. C. 200, 60 S. E. (2d) 106, and *Feitig v. Chalkley,* 185 Va. 96, 38 S. E. (2d) 73.

We are not impressed with a distinction, which appears in some of the cases, that the exemption from suit extends only to those employees engaged in managerial capacities, leaving a covered employee free to sue another employee who happens to be doing the same or a similar kind of work. We do not believe that the legislature intended to exempt high placed employees, and leave the low wage earner subject to liability to his co-employees especially where the act of the employee, in whatever capacity, would render the employer liable at common law.

The foregoing conclusion seems to be in harmony with the cases in states where Workmen's Compensation Acts contain provisions similar to our Act. See cases cited in *Warner v. Leder, supra.*

The North Carolina cases relied upon by the Circuit Judge are distinguished and modified by that Court in the *Warner case.* The Georgia case of *Hotel Equipment Co., v. Liddell,* 32 Ga. App. 590, 124 S. E. 92, bears no factual similarity as will be seen by a reading of same, nor does the Georgia Act contain, so far as we are advised, a phrase comparable to "or those conducting his business."

We therefore construe Section 7035-10 as follows: An employee, subject with his employer to the provisions of the Workmen's Compensation Act of this state, whose injury arises out of, and in the course of his employment, cannot maintain an action at common law against his co-employee, whose negligence caused the injury. This conclusion renders unnecessary a consideration of other questions raised in the brief of *amici curiae.*

The order appealed from is reversed, and the complaint dismissed.

FISHBURNE, TAYLOR and OXNER, JJ., concur.

STUKES, J., dissents.

STUKES, Justice, (dissenting).

I regret that on the single, sharp issue on which the majority decision of this case depends, I dissent. I do not think that the exclusion from liability clause of our compensation law—"those conducting his (the employer's) business"—includes fellow-servants of injured employees. It is unreasonable to suppose that it was the legislative intent to immunize tort-feasant employees, in the absence of clear expression of that meaning. It would be a radical departure from the common law and without *quid pro quo*. As between employer and employee the compensation law is based on "give and take," as has so often been expressed in the cases. But what does a wrongdoing employee give for escape from the ordinary liability for his torts? The answer is obvious —nothing. It seems to me that in the absence of impelling statute he must be considered and treated as a third person who tortiously injures the employee, who here happens to be his fellow employee.

As indicated, I find nothing in our statute to extinguish the common law liability of an employee to his fellow employee, just as there is nothing to extinguish liability to his employer. On the contrary, I think the statute implies otherwise. The last portion of section 7035-10 is: "he (the employer) or those conducting his business shall only be liable to any employee who elects to come under this article for personal injury or death by accident to the extent and in the manner herein specified." There is no extent or manner of liability specified in the act of one employee to another so the provision is meaningless with respect to the problem in hand and should not, I think, be held to control. Moreover, the quoted statute itself, by its conjoint use of the terms, recognizes the distinction between an employee and those conducting the business of the employer. The section of the law which follows, 7035-11, conforms with the foregoing construction of 7035-10 and is of equal force, but clearer; it provides that the rights and remedies of an employee un-

der the act, quoting, "shall exclude all other rights and remedies * * * against (his—interpolated) employer at common law * * * ". Thus the statutory exemption from common law liability relates to the employer, not a fellow employee, and to those conducting the employer's business, Sec. 7035-10, which latter cannot be fairly held to include a mere employee or servant. Sec. 7035-11 further provides for recovery from, quoting, "any person other than such employer." A fellow employee is certainly not "the employer." Careful reading of the two sections together is conclusive upon my mind.

The rule which the majority opinion adopts, besides being in my view unjustified by a fair construction of our statute, is the minority rule, according to the authorities. "Fellow workmen are generally treated as third persons, * * * but a contrary conclusion has been reached in some cases." 58 Am. Jur. 617, Workmen's Compensation, § 61. To the same effect is 71 C. J. 1530, § 1565.

"Generally a fellow employee, subject to the exceptions noted above (not here applicable—interpolated) may be held liable as a third party. Likewise a foreman of a common employee has been held a third party as to the injured employee, but a superintendent and manager has been held not a third party," citing cases from Connecticut, Illinois, New Jersey, Pennsylvania and Wisconsin. Vol. 3, Schneider, p. 212, sec. 842. In the 1949 pocket part of this volume are additional cases from Louisiana and Nebraska. The author points out at page 211 that acts of some other States, unlike ours, expressly nullify the third party liability of a fellow employee, citing Massachusetts and New York cases.

In the very new (1952) text of Larson, Workmen's Compensation Law, it is said in Vol. 2, page 171, sec 72.10: "Under most statutes, immunity to common law suit is extended only to the employer. An injured employee can therefore sue his own co-employee for the latter's negligence, and it follows logically that the employer can exercise subrogation rights against his own tortfeasor employee. This

result has been supported by reference to the plain language of the statute, by the argument that existing rights of action should not be deemed destroyed in the absence of clear language, by calling upon the moral principle that a tortfeasor should not be relieved of the consequences of his own wrongdoing, and by stressing the danger to workmen themselves of a doctrine that persons engaged in dangerous occupations should be immune from the consequences of their negligence. A rule supported by such a variety of arguments should not be defeated by resort to such artificial by-products of tort law as the vice-principal doctrine, as happened in an Ohio case which denied a personal tort remedy against a tortfeasor foreman on the theory that he was the *alter ego* of the immune employer." Cases from many jurisdictions are cited in support of the foregoing and the following is quoted in a footnote from *Rehn v. Bingaman,* 151 Neb. 196, 36 N. W. (2d) 856, 860: "To hold otherwise would unjustly confer upon every employee freedom to neglect his duty toward a fellow employee and thus escape with impunity from all liability for damages proximately caused by his own negligence."

The New York decisions are of no value here because the compensation law of that State has been amended to make it the exclusive remedy for a covered employee both against the employer and "another in the same employ." *Williams v. Hartshorn,* 296 N. Y. 49, 69 N. E. (2d) 557, 558. It is otherwise in New Jersey where the statutory remedy of compensation is made exclusive against the employer, as in this State, and the bringing of an action for negligence against a fellow servant causing the injury is not precluded. *Stacy v. Greenberg,* 1952, 9 N. J. 390, 88 A. (2d) 619. Other similar decisions may be found in the series of annotations which are concluded in 106 A. L. R. 1059, with references there to the earlier ones.

A well-reasoned West Virginia case is *Tawney v. Kirkhart,* W. Va., 44 S. E. (2d) 634, 641, which expressly overruled an earlier inconsistent decision of that court. It was

there said: "There is no contract as between coemployees and they are subject to the provisions of the compensation act in their relationship with each other in no way. They pay nothing into the fund that entitles them to protection under its terms. We can perceive nothing in sound reasoning that would entitle a coemployee to gratuitous protection for his own misconduct. To hold that a coemployee is not liable for his own negligence would increase the hazard of employments and be contrary to public policy. We have been able to find nothing apart from an express constitutional or statutory provision such as exists in New York, Texas, Massachusetts and Virginia that would entitle him to an exemption from liability." See also, *Echols v. Chattooga Mercantile Co.,* 74 Ga. App. 18, 38 S. E. (2d) 675.

The majority opinion, I think clearly mistakenly, relies upon *Warner v. Leder,* 234 N. C. 727, 69 S. E. (2d) 6. It was an attempted action for negligence at common law against the defendant Leder who was one of Leder Brothers, Inc., *president* of the corporate employer and was conducting its business at the time of the injury to the plaintiff, which was compensable under the Workmen's Compensation Law. It seems to me manifestly inapplicable to the question which we now decide.

*Burns v. Carolina Power & Light Co.,* 4 Cir., 193 F. (2d) 525, also cited by the majority upon the construction of our compensation law is upon little or no reasoning but depends upon a Virginia and two North Carolina decisions. In the leading one of the latter, *Essick v. City of Lexington,* 232 N. C. 200, 60 S. E. (2d) 106, it was held that the immunity clause of the compensation law of that State, similar to ours, protected from suit at common law the treasurer and plant superintendent of a corporate employer who had paid workmen's compensation for the death of an employee from injuries arising out of and in the course of his employment. Here again, I think the authority inapplicable to action against an ordinary fellow employee. The treasurer and plant superintendent of the corporate employer there were conduct-

ing its business and exempt from liability. The other North Carolina decision relied upon by the Court of Appeals in the *Burns case* is *Bass v. Ingold,* 232 N. C. 295, 60 S. E. (2d) 114. It was decided simultaneously with the *Essick case* and the opinion merely referred to the latter.

The Virginia case referred to above is *Feitig v. Chalkley,* 185 Va. 96, 38 S. E. (2d) 73, 76, which appears to concede that it is of a minority. The result was reached more upon philosophical considerations and reasons for which the provisions of the compensation law should be, rather than what they are. In this feature the Virginia statute is substantially the same as ours. The rationale is found in the following excerpt from the opinion: "By analogy, loss (to industry) by damage to an employee  *  *  *  is a loss within the field of industrial accidents intended by the act to be borne by industry as an industrial loss without opportunity for recoupment. What other meaning can be given to the phrase *  *  *  'those conducting his business'?" But it is not a loss to industry we are concerned with; it is a loss to an employee which was caused by the negligence of a fellow employee, for which the law does not expressly or impliedly, I think, deny the common law right of recoupment. The unusual facts of the *Feitig case* are found in 184 Va. 553, 35 S. E. (2d) 827. In view of our limited function to construe and apply the law and not make it, I would not follow the highly respected Virginia court in this instance.