18463

Edward A. WILLIAMS, Respondent, v. W. P. BEBBINGTON and
George J. Deily, Appellants

(146 S. E. (2d) 853)

*Messrs. Henderson, Salley, Cushman & Summerall,* of Aiken, *for Appellants,*

*Messrs. Lybrand, Rich & Cain,* of Aiken, *for Respondent,*

*Messrs. Henderson, Salley, Cushman & Summerall,* of
Aiken, *for Appellants, in Reply,*

February 15, 1966.

BUSSEY, Justice.

In this action plaintiff-respondent seeks to recover damages for personal injuries sustained in an automobile accident. The plaintiff and the defendants, at the time of the accident on August 28, 1962, were employees of E. I. DuPont de Nemours and Company, at its Savannah River Plant. The defendants asserted as a third defense in their answer that they were exempted from common law liability to the plaintiff by virtue of the provisions of Code Section 72-401, of the Code of Laws of South Carolina, 1962, and on the same ground moved to dismiss plaintiff's complaint. The motion was heard before the circuit judge on a stipulation of facts, and the defendants appeal from an order of that court denying their motion and striking from their answer their third defense.

The sole question involved is whether under the stipulated facts the defendants are immune from common law liability to the plaintiff by virtue of the provisions of the above mentioned Code Section, which reads as follows:

"Every employer who accepts the compensation provisions of this Title shall secure the payment of compensation to his employees in the manner provided in this chapter. While such security remains in force he or those conducting his business shall only be liable to any employee who elects to come under this Title for personal injury or death by accident to the extent and in the manner specified in this Title."

For the sake of brevity, the common employer of the parties will be referred to simply as DuPont, and the name of its plant will be abbreviated, S. R. P. On the morning of the accident plaintiff drove his Corvair automobile to the S. R. P. where he was injured at about 7:40 A. M., he being due to report for work at 7:45 A. M. DuPont paid for neither his travel time nor his expenses.

After reaching the boundary of the S. R. P., plaintiff drove his Corvair for a distance of approximately five miles over the main highway of public travel between the City of Aiken and the Town of Jackson. He then turned onto a roadway which is under the control of DuPont but open to the public, and proceeded approximately six hundred feet to a widened portion of the roadway, where he stopped, left the motor running and alighted on the left side of the vehicle. Plaintiff had two riders and one of his riders in the front seat moved to the driver's seat preparatory to driving away. Plaintiff was walking to the rear of the Corvair, proceeding from the left to the right side thereof, when the front of a Pontiac automobile, owned by the defendant Bebbington, ran into plaintiff, catching him between the rear bumper of the Corvair and the front bumper of the Pontiac, crushing both of plaintiff's legs.

The widened portion of the roadway, where plaintiff stopped his car, is what is known as a "pull out" or unloading zone for employees and others going to buildings of DuPont. The said zone is several feet wider than an automobile and separated from the regular traveled portion of the road by a white line. It is bordered on the opposite side by a curb and sidewalk. The area is under the control of DuPont and provided solely for access to and from its buildings.

The site of the accident is something more than six hundred feet from the entrance to the building where plaintiff was employed. While under the control of DuPont, it is accessible to and used by members of the public, as well as employees, and it is not within a security area. The building

in which plaintiff worked, as well as other buildings of DuPont, was beyond a fence from the site of the accident and, at least inferentially, within a security area.

The plaintiff was not required to perform any work whatsoever for DuPont outside of the building where he worked. He has neither applied for nor received any benefits under the Workmen's Compensation Law of South Carolina.

The only information contained in the stipulation of facts with respect to the defendants is that they were employees of DuPont at the S. R. P., and that the defendant Bebbington was either alighting from the left side of his automobile, or was on the ground at the time of the accident, and the defendant Deily was then sliding across the front seat of the Pontiac preparatory to driving the same to another area. If either of said defendants had any work or duties to perform for the employer prior to arrival at the buildings in which they respectively worked, the record does not show it.

DuPont and the parties to this action are subject to the Workmen's Compensation Law of South Carolina, and much of the argument of counsel is addressed to the question of whether or not plaintiff's injuries arose out of and in the course of his employment so as to make his injuries compensable under the Workmen's Compensation Law. Unless he sustained a compensable injury, Code Section 72-401, relied upon by the defendants, would have no bearing. We deem it unnecessary, however, to consider or determine in the instant case whether or not plaintiff sustained a compensable injury within the purview of the Workmen's Compensation Law. Assuming that his injuries were compensable, defendants would not be immune from common law liability unless they were conducting the business of the employer within the meaning of the Code Section relied upon.

There are various provisions in the Workmen's Compensation Laws of different states' exempting fellow employees from common law liability for a compensable injury sus-

tained by another employee. As far as we have been able to discover, however, North Carolina and Virginia are the only states wherein the statutory language is the same as our statute and exempts from common law liability only the employer and "those conducting his business." Accordingly, decisions from other jurisdictions, with different statutory language, throw little light on the question before us.

This court has had only two prior occasions to construe Code Section 72-401, *Nolan v. Daley,* 222 S. C. 407, 73 S. E. (2d) 449; *Powers v. Powers,* 239 S. C. 423, 123 S. E. (2d) 646. The facts of each of those cases are distinguishable from the case at bar in that in each instance the fellow employee, held to be exempt from common law liability, was at the time of the infliction of the injury actually performing work for the employer in the course of the employer's business. In the *Nolan* case it was held that the language "those conducting his (the employer's) business" should be construed to include "any person, who as an employee of a covered employer, *was performing any work incident to the employer's business,* regardless of whether employed in a menial, supervisory or managerial capacity." (Emphasis added.)

In the *Nolan* case this court quoted at length from the leading North Carolina case of *Warner v. Leder,* 234 N. C. 727, 69 S. E. (2d) 6, and said,

"We find ourselves in accord with the interpretation by the North Carolina Court of the provisions of its Act, as applied to the same language in our Law, * * *."

A portion of the opinion in *Warner v. Leder,* quoted with approval by this court in *Nolan,* is as follows,

"We hold that an officer or agent of a corporation who is *acting within the scope of his authority for and on behalf of the corporation, and whose acts are such as to render the corporation liable therefor,* is among those conducting the business of the corporation, within the purview of G. S. § 97-9, and entitled to the immunity it gives; * * *." (Emphasis added.)

To quote further from the *Nolan* decision,

"We do not believe that the legislature intended to exempt high placed employees, and leave the low wage earner subject to liability to his coemployees especially where the act of the employee, in whatever capacity, would render the employer liable at common law."

Research on our part fails to reveal any case from either North Carolina, Virginia or this State where a fellow employee has been held exempt from common law liability by virtue of the particular statutory language, unless at the time of the delict, the employee so exempted was performing work incident to the employer's business under circumstances which, in the absence of an applicable common law defense, would have rendered the employer liable at common law, for the acts of the employee under the doctrine of *respondeat superior*.

The defendants rely strongly on the fairly recent case of *Ferrell v. Beddow,* 203 Va. 472, 125 S. E. (2d) 196, and assert that case to be directly in point with the instant case. The facts of that case are truly quite similar to the facts of the instant case with one very material exception. There the trial judge, who heard and saw the witnesses testify, found as a fact that both Ferrell and Beddow were employees of one employer and were charged with "some duty or task in connection with their employment within a reasonable time prior to actually going to work." In support of such finding there was evidence to the effect that both employees were not only charged with, but engaged in the performance of, duties for the employer at the time of the accident. The Supreme Court of Virginia affirmed such finding of fact on the part of the trial court and on that basis held the fellow employee to be exempt.

In the instant case there is no suggestion that the defendants were required to perform, or that they were performing, any work incident to the employer's business at the time of the accident and injury to the plaintiff.

There are no facts upon which any common law liability of DuPont to the plaintiff could be predicated, under the doctrine of *respondeat superior* or otherwise.

We do not believe that the legislature intended to exempt fellow employees from common law liability under the facts and circumstances of this case. It did not simply exempt fellow employees, or exempt such while or about the premises of the employer. It exempted only the employer and "those conducting his business."

We conclude that the judgment of the lower court should be, and the same is, accordingly,

Affirmed.

Moss, LEWIS and BRAILSFORD, JJ., concur.