18481

Mrs. O. B. McNAUGHTON, Appellant, v. James F. SIMS, Respondent

(147 S. E. (2d) 631)

*Messrs. Williams & Parler,* of Lancaster, *for Appellant,*

*Messrs. Hayes, Hayes & Brunson,* of Rock Hill, *for Respondent,*

*Messrs. Williams & Parler,* of Lancaster, *for Appellant,* in Reply,

March 30, 1966.

Moss, Acting Chief Justice.

This is an action brought by Mrs. O. B. McNaughton, the appellant herein, to recover damages for personal injuries alleged to have been proximately caused by the negligence of James F. Sims, the respondent herein. It is alleged that the appellant's injuries were sustained as the result of an automobile collision between the automobile she was operating and one operated by the respondent.

The respondent, by answer, entered (1) a general denial; (2) sole negligence; (3) contributory negligence; and (4) that both parties, at the time and place of the collision were employees of Springs Cotton Mills and the injury of the appellant arose out of and in the course of such employment, and by virtue of the Workmen's Compensation Act, Section 72-401 of the Code, he was exempt from common law liability to the appellant. The appellant replied to this special defense and raised the question that under the aforesaid Code section there was no immunity provided.

The matter came on for trial before the Honorable C. Bruce Littlejohn, and a jury, at the 1965 January term of the Court of Common Pleas for Lancaster County. At the close of the testimony in behalf of the appellant, the respondent made a motion for a nonsuit upon the ground that she could not maintain a common law action and that her exclusive remedy for her personal injuries was afforded by the Workmen's Compensation Act. The motion of the respondent was granted by the trial judge and this appeal followed.

It appears from the record that Springs Cotton Mills owned and maintained a fenced parking area immediately adjacent to its plant where only employees and business visitors were permitted to park their automobiles. The appellant and respondent were both employees of Springs Cotton Mills and had, on August 8, 1963, parked their respective automobiles in the aforesaid parking area. The

parties to this action finished their duties as employees of Springs Cotton Mills at 4:00 P. M. on August 8, 1963. They left the plant of their employer and proceed to the parking lot. The appellant was proceeding out of said parking lot in her automobile when she was struck from behind by the automobile driven by the respondent. At the time of the accident both parties had completed their work for Springs Cotton Mills and were on their way home. There is no suggestion that the parties to this action, at the time of the collision, were performing any work incident to their employer's business. Hence, there are no facts upon which any common law liability of Springs Cotton Mills to the appellant could be predicated under the doctrine of *respondeat superior*, or otherwise.

The recent decision of this Court in the case of *Williams v. Bebbington*, S. C., 146 S. E. (2d) 853, (filed February 15, 1966) is here controlling and requires a reversal of the order of nonsuit granted by the lower court in this case. It is unnecessary for us to restate what we said in the cited case.

Reversed and remanded for a new trial.

LEWIS, BUSSEY and BRAILSFORD, JJ., and LEGGE, Acting Associate Justice, concur.