19175

Trophine BOYKIN, as Administratix of the Estate of Bennie Boykin, Appellant, v. Oscar E. PRIOLEAU, as Temporary Administrator of the Estate of Richard Dickerson, Respondent.

(179 S. E. (2d) 599)

*Messrs. Luther M. Lee* and *Dallas D. Ball,* of Columbia, *for Appellant,*

*J. Reese Daniel, Esq.,* of Columbia, *for Respondent,*

February 25, 1971.

Brailsford, Justice.

In this action for wrongful death, plaintiff has appealed from the direction of a verdict for the defendant. Plaintiff's intestate, sixteen-year-old Bennie Boykin, was employed on a late shift at Gene's Pig 'n Chick in the City of Columbia. His employer was obligated to furnish him transportation from work to his home. On December 18, 1966, he left the drive-in restaurant at about 2:30 A. M. in his employer's

station wagon driven by one Richard Dickerson, an adult co-employee. Several other co-employees, including seventeen-year-old Willis Haymon, were also passengers. It was Dickerson's duty to take Boykin and the other employees to their respective homes and then to park the station wagon at his own home. Instead of doing so, he took them on an extensive joy ride. During the course of this jaunt some intoxicants were consumed while stops were made at two houses, two night clubs and, finally, at a restaurant several miles out Farrow Road at about 5:45 A. M. Shortly after leaving this restaurant and heading back toward Columbia, Dickerson lost control of the station wagon, which left the highway and crashed into a building. All of the occupants were fatally injured except young Willis Haymon.

Plaintiff filed a workmen's compensation claim for Boykin's death. Finding that by the terms of his employment Boykin was entitled to transportation to his home after work and that on this night he "was never taken to his home through no fault of his own," the hearing commissioner found the death to be compensable. Pending appeal to the full commission, the claim was compromised and settled without admission of liability. This action for wrongful death was then commenced against the administrator of the estate of Richard Dickerson.

In granting the defendant's motion for a directed verdict, the court ruled that Boykin was guilty of contributory *negligence* as a matter of law, and that this *tort* action based upon the negligence of a co-employee is barred by the Workmen's Compensation Act, Sec. 72-401, Code of 1962.

■ The court erred in holding that plaintiff's recovery was barred by her intestate's contributory *negligence,* which, even if established as the only reasonable inference from the evidence (which we do not decide), is no defense against liability based upon Dickerson's reckless misconduct, of which there was abundant evidence.

Benefits provided by the Workmen's Compensation Act are the exclusive remedy of an injured employee against his employer "or those conducting his business." Sec. 72-401, *supra*. Under this section a fellow employee is not exempt from common law liability "unless at the time of the delict, the employee * * * was performing work incident to the employer's business under circumstances which, in the absence of an applicable common law defense, would have rendered the employer liable at common law, for the acts of the employee under the doctrine of *respondent superior." Williams v. Bebbington,* 247 S. C. 260, 266, 146 S. E. (2d) 853, 855-856 (1966). The only reasonable inference from the facts which have been stated is that almost immediately upon driving away from his employer's place of business, Dickerson forsook the task assigned to him and embarked upon the pursuit of his own ends. It is abundantly clear that while thus engaged he was not conducting his employer's business within the meaning of the statute. Whether upon leaving the Farrow Road restaurant, several miles from the point of deviation, and starting back toward Columbia he resumed the scope and course of his employment was, at best from defendant's standpoint, a jury issue. We decide only that the court erred in resolving this issue in defendant's favor as a matter of law. *Cf. Adams v. South Carolina Power Co.,* 200 S. C. 438, 21 S. E. (2d) 17 (1942) ; Annot., 51 A. L. R. (2d) 120, 145 (1957).

Whether plaintiff's workmen's compensation claim was meritorious is not at issue in this action and is irrelevant to the merits of the appeal. Defendant was not a party to that proceeding and suffered no prejudice from it. Neither the employer nor its compensation carrier can be prejudiced by this action. Indeed, the carrier will be entitled to reimbursement in the amount of the compromise settlement from any recovery against defendant. The defense of judicial estoppel has not been raised, and the facts appearing here would not support it. See 28 Am. Jur. (2d), Estoppel and Waiver, Sec. 70 (1966).

Reversed and remanded.

Moss, C. J., and Lewis and Bussey, JJ., concur.

Littlejohn, J., dissents.

Littlejohn, Justice (dissenting):

I respectfully dissent and would affirm the judgment of the lower court.

I agree with Mr. Justice BRAILSFORD when he said, referring to Section 72-401, "Under this section a fellow employee is not exempt from common law liability 'unless at the time of the delict, the employee * * * was performing work incident to the employer's business under circumstances which, in the absence of an applicable common law defense, would have rendered the employer liable at common law, for the acts of the employee under the doctrine of *respondeat superior.*" This court so held in the *Williams* case cited in the majority opinion. I disagree with the application of the facts in this case to the undisputed rule.

It has been established in this case that at the time of the fatal collision Bennie Boykin was covered by workmen's compensation insurance. His beneficiaries filed a claim, and the employer (or insurance carrier) paid for the death of Bennie Boykin. His death arose out of and in the course of his employment.

The application of the rule in *Williams*, quoted above, poses for the court this question: under the facts and circumstances of this case can Boykin's administratrix sue the administrator of Richard Dickerson, who was driving the vehicle, and sue the employer and hold the employer liable under the doctrine of *respondeat superior?* I submit that the employer could be held for the delicts of the driver of the station wagon (except for the workmen's compensation act) and accordingly, the employer and the employee are both exempt and cannot be held in this *tort* action.

These facts are not in dispute: Dickerson (the driver) and Boykin (plaintiff's intestate) were employed at the

same establishment, which was a drive-in. The employer owned a station wagon and directed Dickerson to take Boykin and other employees home. It was a part of the employment agreement that the employer would transport these employees home and transport them from their homes back to the place of business. The employer was under contract to provide this transportation; he also had a common law duty to transport them safely.

It is the position of the appellant that when the driver, Dickerson, deviated from the task assigned him, that he, Dickerson, was no longer an employee (at the time of the wreck.) Appellant prefers to think of Dickerson as a third party rather than a co-employee.

On the other hand, it is the contention of the respondent that since Boykin was being taken home (and was accordingly in the course of his employment) that correspondingly Dickerson was in the process of taking him home and was therefore also in the course of his employment.

I think it established beyond doubt that Dickerson, the agent of the employer, in this case deviated substantially from his course. The majority opinion would send the case back and have it determined as a matter of fact whether at the time of the collision the driver had returned to his proper course of travel and resumed the assignment of taking the employees home. I would hold as a matter of law that the employer, under the doctrine of *respondeat superior*, was responsible for the acts of the driver, even if the accident happened during a substantial deviation.

The employer had agreed, as a part of the employment contract, that he would transport the employees, including Boykin, to and from work. This the employer proceeded to do by directing Dickerson to carry them in the employer's station wagon. The employer was under contract to take Boykin home, and it cannot be said that either his contractual duty to take him home or his common law duty to

send him safely, terminated when Dickerson deviated from the normal course and went off on a lark of his own.

Counsel for the appellant argued in the court below that Dickerson was "simply a third party tort feasor" and argued "there is nothing at all, at the time of the wreck, that shows that there was any co-employee relationship existing, * * *." I do not think that it can be said that Dickerson was a stranger to the employment. Actually, he was still charged with the duty assigned to him by the master. Normally a servant who deviates substantially from the task assigned to him is said to be acting not for the master but for himself alone. In this case the duty of the employer to respond in damages for the negligent acts of Dickerson are not bottomed on the law of principal and agent or master and servant, but on a duty growing out of the contract to transport Boykin home.

If the employer could be held for the delicts of Dickerson under the doctrine of *respondeat superior,* then the employee (Dickerson) is granted immunity under the statute. Ordinarily, when it appears that an employee was not acting in the course of his employment, the master is not liable. Ordinarily, when an employee deviates substantially from his assignment, the master is not liable. When, however, a master has a contractual duty to do a particular act, and elects to do that act by way of a servant or employee, the ordinary rule does not apply even if there was a substantial deviation.

53 Am. Jur. (2d), MASTER AND SERVANT, § 423, states the rule as follows:

"It is well-settled law that an employer who, by reason of his calling or the business in which he is engaged, owes special legal duties and obligations to the public or to those with whom there exists some contractual relation cannot shirk or evade such special duties and obligations by committing its performance to another; he is bound absolutely to perform the obligation, and he is liable for a failure to do so in any respect whereby injury results to others, whether

such failure results from negligence or from the wilful, wanton, or criminal conduct of the employee or agent to whom the duty has been committed. The employer, being bound to do the act or perform the duty, is treated as having done it himself, even if he did it by another."

Cases applying this principle of law often arise where there is a contract of bailment to store an automobile when the bailee's servant deviates from the task assigned him and used the automobile wrongfully. In *National Liberty Insurance Company of America v. Sturtevant-Jones Co.*, 116 Ohio St. 299, 156 N. E. 446 (1927), the Supreme Court of Ohio held that where a contract of bailment contains no exemption from liability from unauthorized acts by the bailee's servant, committed while the servant is in possession of the bailed article with authority of the bailee, the bailee is not absolved from liability for the servant's act. Cases also often arise where persons become passengers of common carriers.

In *Knoxville Traction Co. v. Lane, et ux.*, 103 Tenn. 376, 53 S. W. 557 (1899), the plaintiff was a passenger on a street car. She brought an action against the company, alleging that she had been insulted with indecent language by an employee. The street car company insisted that it was not liable for the injury complained of, but the court held "that the defendant company is liable for the injury and insult wilfully inflicted upon Mrs. Lane by its employee while engaged in performing the duty which the company owed to her, although the company was guilty of no negligence in selecting its employees, and did not authorize or ratify the servant's wrongful act."

In these cases the master owed a special duty to the persons with whom he had contracted. In like fashion, the employer owed a special duty to Boykin. Boykin had no choice in selecting the driver to carry him home. The means of fulfilling the employers contract was fully within the control of the employer. When the employer assigned Dickerson

the chore of carrying Boykin home, the acts of Dickerson became the acts of the employer so far as liability is concerned, and the employer could not avoid liability by carrying out his duty through a servant, and that is true even though the servant deviated from the task assigned him.

The law applicable in this case is set forth in the case of *Pullman Palace-Car Co. v. Gavin, et al.,* 93 Tenn. 53, 23 S. W. 70 (1893):

"Says Mr. Wood, in his work on Master and Servant, (section 321:) 'In that class of cases where the master owes certain duties, either to third persons or the public, whether the same arise from contract or statutory obligations, a different rule of liability exists from that which prevails when the liability sounds entirely in tort. When, by contract or statute, the master is bound to do certain things, if he intrusts the performance of that duty to another he becomes absolutely responsible for the manner in which the duty is performed, precisely the same as though he himself had performed it, and that without any reference to the question whether the servant was authorized to do the particular act. Where the master, by contract or operation of law, is bound to do certain acts, he cannot excuse himself from liability upon the ground that he has committed that duty to another, and that he never authorized such person to do the particular act. Being bound to do the act, if he does it by another he is treated as having done it himself; and the fact that his servant or agent acted contrary to his instructions, without his consent, or even fraudulently, will not excuse him.' "

I would hold that the employer would be liable for the delicts of Dickerson. This being true, Boykin's administratrix could not recover from either the employer or from Dickerson because the employer and Dickerson are granted immunity under the workmen's compensation law. It is not necessary to determine technically whether Dickerson was a co-employee or a third party. The duty of the employer to respond is the same, under the view I take.