### 20500

Joyce H. MERRITT, as Executrix of the Estate of James Lee Merritt, Appellant, v. Albert D. SMITH, Respondent.

(237 S. E. (2d) 366)

*Rentz & DeBerry,* of Columbia, *for Appellant,*

*Turner, Padget, Graham & Laney,* of Columbia, *for Respondent,*

August 30, 1977.

NESS, Justice:

Appellant appeals from the trial court's granting of summary judgment in this a wrongful death action. We conclude that the court providently granted the motion for summary judgment as there were no material issues in dispute. *Garrett v. Reese,* 262 S. C. 327, 204 S. E. (2d) 432 (1974); *Cisson v. Pickens Savings & Loan Association,* 258 S. C. 37, 186 S. E. (2d) 822 (1972).

The uncontested facts reveal that Appellant's testate, James Lee Merritt, his supervisor, H. H. Pharr, and the respondent Albert D. Smith from the management level of the company's Charlotte Office were in Columbia to attend and

participate in a dealers meeting. All three registered at the King of the Road Motel and then rode together to a company meeting at the Hilton Town House in Pharr's company car. After the meeting, in which all three participated, they left to return to their motel. Prior to reaching the motel, at the suggestion of one of them, they decided to go get something to eat at the Waffle House which was beyond their motel. They left the Waffle House with respondent driving the company automobile, en route to the motel, when they were involved in a one car accident in which Merritt was killed. A workmen's compensation claim was filed alleging Merritt was an employee of Philco-Ford Corporation and over $22,000.00 was paid to the heirs of the deceased.

The primary issue raised by this appeal is whether there was a genuine issue as to some material fact which would preclude the issuance of summary judgment. *Title Insurance Company of Minnesota v. Christian*, 267 S. C. 71, 226 S. E. (2d) 240 (1976) ; *Eagle Consrtuction Co. v. Richland Construction Co.*, 264 S. C. 71, 212 S. E. (2d) 580 (1975).

Appellant asserts two contested issues of fact: (1) whether both the deceased and respondent were employed by the same employer on the date of the accident, and (2) whether the respondent was conducting his employer's business at the time of the accident.

The workmen's compensation proceeding identified Merritt's employer as Philco-Ford Corporation. Respondent's amended answers in this case also alleged,

". . . both Plaintiff's testate and Defendant were fellow employees of the Philco-Ford Corporation," . . . . The second amended answer deleted "Philco-Ford Corporation" and substituted in its stead "Ford Marketing Corporation."

The appellant, in response to requests for admission, admitted "that as of the date of his death, Plaintiff's testate was an employee of Ford Marketing Corporation." [1] The

---

[1] Admission No. 1, Tr. 136.

respondent, Smith, on numerous occasions during his deposition testified that as of the date of the accident he was employed by Ford Marketing Corporation.[2] The witness Pharr in his affidavit and in his supplemental affidavit also so testified.[3] Appellant never interposed any affidavit or deposition to refute this fact but relied solely on the allegation in the First Amended Answer, which was subsequently corrected. This error, standing alone, does not create an issue of fact. The only reasonable inference to be drawn from the record is that the employer of both men was Ford Marketing Corporation.

"Where the appellant relies solely upon the pleadings, files no counter-affidavits, and makes no factual showing in opposition to a motion for summary judgment, the lower court is required under this rule, to grant summary judgment, if, under the facts presented by the respondent, he was entitled to judgment as a matter of law." *Conran v. Yager,* 263 S. C. 417, 420, 211 S. E. (2d) 228, 229 (1975).

Having concluded that the Appellant's testate and Respondent were employed by Ford Marketing Corporation, it becomes necessary to determine if the Respondent and Appellant's testate were acting within the course and scope of their employment at the time of the alleged negligent act sued upon. The Respondent relies upon the co-employee immunity provision of South Carolina Code, § 42-5-10 which, applied to this case, in substance, provides that an employee covered by workmen's compensation (who is acting within the course and scope of his employment) cannot sue at common law "those conducting his (the employer's) business." In *Nolan v. Daley,* 222 S. C. 407, 73 S. E. (2d) 449 (1952) this Court, interpreting the predecessor to § 42-5-10 said: ". . . . 'those conducting his (the employer's) business' should be construed to include any person who, as an employee of a covered employer, was performing any work

---

2 Tr. 22, f. 67; Tr. 23, f. 88; Tr. 24, f. 93-94.
3 Tr. 103; Tr. 141.

incident to the employer's business, regardless of whether employed in a menial, supervisory or managerial capacity." *Nolan v. Daley,* 222 S. C. at 415-416, 73 S. E. (2d) at 453. See also *Powers v. Powers,* 239 S. C. 423, 123 S. E. (2d) 646 (1962); *Young v, Warr,* 252 S. C. 179, 165 S. E. (2d) 797 (1969); *Boykin v. Prioleau,* 255 S. C. 437, 179 S. E. (2d) 599 (1971).

Hence, in determining whether the co-employee immunity provision will apply to the instant fact situation as a matter of law, our inquiry is twofold: Was an issue of fact created touching upon whether the Appellant's testate's death resulted from an accident arising out of and in the course of his employment or whether the Respondent at the time of the accident was conducting the business of his employer?

The status of the Appellant's testate was the same as that of the Respondent; both had just left an out-of-town dealer's meeting, both were in a company car with their direct supervisor, both had gone to eat with their supervisor and were in the process of going by direct route to their motel. The fact that one was driving the automobile and the other was riding as a passenger constitutes no distinction between the status of one and of the other. Nor does the fact that one seeks immunity by reason of the Compensation Act and the other attempts, in effect, to avoid coverage and the co-employee immunity to prosecute a common law action affect the applicability of § 42-5-10. In *Adams v. Davison-Paxon Company,* 230 S. C. 532, 545, 96 S. E. (2d) 566, 572 (1957) this Court observed:

". . . if an employer is within the act to bear its liabilities, he must remain to be accorded its immunities, in the absence of a clearly expressed legislative intention to the contrary."

Since the co-employee's right of immunity parallels that of an employer, the same principle applies.

No South Carolina case has been cited which is factually analogous to the present situation. However, in Larson's treatise on Workmen's Compensation Law, § 25.21, it is generally observed that accidents arising while an employee is eating or traveling to and from an eating establishment while out-of-town are acts within the course and scope of employment. These acts, though strictly personal, are incidental to the work and should be anticipated by the employer. A review of the cases cited by Larson establish that generally the trip to and from an eating establishment, as well as the taking of meals themselves, while on out-of-town business are within the course and scope of employment unless the circumstances attending the taking of the meal constitutes a deviation. Also see *Mack v. Branch No. 12, Post Exchange, Fort Jackson,* 207 S. C. 258, 35 S. E. (2d) 838 (1945).

The principle which evolves from those cases is the same as that articulated in *Beam v. State Workmen's Compensation Fund,* 261 S. C. 327, 200 S. E. (2d) 83 (1973). There a school teacher was en route to an out-of-town meeting of the South Carolina Education Association to be held the following day when she was involved in an automobile accident. The teacher had been encouraged by the school administration to attend the meeting; her travel was held to be within the course and scope of employment. The governing standard is,

". . . that an employee, to be entitled to compensation, need not be in the actual performance of the duties for which he was expressly employed in order for his injury or death to be in the 'course of employment' and thus compensable. It is sufficient if the employee is engaged in a pursuit or undertaking consistent with his contract of hire and which in some logical manner pertains to or is incidental to his employment." *Beam v. State Workmen's Compensation Fund,* 261 S. C. at 332, 200 S. E. (2d) at 86.

Appellant relies on the case of *Boykin v. Prioleau,* ■ *supra.* Actually, in *Boykin* this Court recognized and applied the same principle as that enunciated by the Larson treatise, except that *Boykin* was concerned with the deviation of travel to and from work. In *Boykin* the employer provided transportation for several employees to and from the place of business. The employee charged with providing the transportation left work one night and, instead of going directly to the employees' residences, took them on an extended joyride. During the joyride, intoxicants were consumed and stops were made at two houses, two nightclubs and over three hours later at a restaurant. After leaving the restaurant and heading for one of the employee's homes, the employees were involved in an accident.

The Court held that the employees had deviated from the scope of employment when they,

". . . almost immediately upon driving away from his employer's place of business, Dickerson (the employee driver) forsook the task assigned to him and embarked upon the pursuit of his own ends. It is abundantly clear that while thus engaged he was not conducting his employer's business within the meaning of the statute. Whether upon leaving the Farrow Road restaurant, several miles from the point of deviation, and starting back toward Columbia he resumed the scope and course of his employment was, at best from defendant's standpoint, a jury issue." *Boykin v. Prioleau,* 255 S. C. at 441, 179 S. E. (2d) at 600.

In the instant case, there is no question that the trip to the restaurant was not such a deviation as to remove the Appellant's testate or the Respondent from the course and scope of employment. Thus, this accident occurred while the Respondent was about the business of his employer, Ford Marketing Corporation, and the trial court was correct in granting summary judgment.

This conclusion renders it unnecessary to consider the Respondent's additional sustaining grounds. The motion for summary judgment was properly granted.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.